No. 13,378.

STOKES *v.* DOLLARD ET AL.
(29 P. [2d] 706)

Decided January 29, 1934.

Messrs. Nourse & Dutcher, for plaintiff in error.

Mr. Clifford H. Stone, for defendant in error Dollard.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Defendants in error are hereinafter referred to as Dollard and Stokes respectively, and plaintiff in error, who is the wife of the latter, as Mrs. Stokes.

Dollard sued Stokes for a dissolution of their partnership in a mining venture. Mrs. Stokes therein filed her petition in intervention. Dollard demurred generally thereto and that demurrer was sustained. Mrs. Stokes stood, and moved for a stay of execution. This was denied. Dollard had judgment in the main case and Mrs. Stokes brings error. The questions presented by this record are: (1) Was the judgment as to Mrs. Stokes final? (2) Was she entitled to a stay? (3) Was she entitled to intervene? The following facts are essential to a comprehension of these questions as here presented.

The partnership was formed in January, 1931. It owned personal property used in coal mining, a prospecting permit from the United States, a lease on a coal mine, and buildings and improvements. The interests of the partners were equal and each was to devote his entire time to the business. Dollard filed his complaint in October, 1932. He therein alleged that Stokes left the country the preceding August, taking with him over $300 of partnership funds to which he was not entitled. Service

was by publication. Dollard's affidavit therefor alleges, inter alia, that Stokes has abandoned his family and left the country. Final judgment, entered June 3, 1933, gave Dollard the entire partnership property. January 3, 1933, Mrs. Stokes brought suit for divorce from Stokes, alleging that he had deserted her in August, 1932, leaving the country with a married woman, and leaving his wife and six minor children destitute; that he owned certain real estate and personal property, including his interest in the Dollard partnership, and had no occupation or income save from said partnership; that $100 per month was necessary for the support of herself and her children; praying for that amount, for suit money and attorney's fees, and that she be permitted to prosecute her divorce action as a poor person. January 30, 1933, she filed her petition in intervention, alleging generally the material portions of her divorce complaint, copy of which she attached; that the partnership had been profitable; that considerable money belonging to it had been collected by Dollard, and a considerable amount was still due and outstanding; and praying that she be awarded a lien on her husband's interest in the partnership, and all other property owned by him.

1. Mrs. Stokes had a right to stand on her petition when the general demurrer thereto was sustained. She had no duty to amend or move for leave. What amendment she could make, if any, does not appear. She was then out of the case. That ruling was, as to her, a final judgment. *Henry v. Travelers' Ins. Co.,* 16 Colo. 179, 26 Pac. 318.

2. That judgment being final Mrs. Stokes was entitled to a stay of execution. §425 Code of Civil Procedure, p. 180, C. L. 1921; Rule 9 of the rules of this court. However, it does not appear that she was materially prejudiced by a denial of her motion, execution being only for costs which must have been inconsequential.

3. One who has an interest in the subject-matter

of the litigation, or in the success of either party, may intervene. §22 Code of Civil Procedure, p. 105, C. L. 1921.

 Since a wife, while cohabiting with her husband, is entitled to support, he is liable for necessaries furnished her, even against his will, if he neglects or refuses to furnish the same. 30 C. J., p. 589, §124. It follows that that liability binds the husband's personal property, and if he has abandoned her she may sell it for that purpose. 30 C. J., p. 523, §38.

 It is contended that Mrs. Stokes' position is no better than that of a creditor of her husband, and that such creditor, holding an unadjudicated claim, could not, under a well settled rule, intervene. Hence it is urged that Mrs. Stokes, until her right to divorce and her claims for alimony and suit money are fully determined, can not be heard herein. But a creditor has no interest of any kind in Stokes' property until his claim has ripened into judgment. With Mrs. Stokes the situation is different. She not only alleges in her divorce complaint and in her petition for intervention, but Dollard himself alleges in his affidavit for publication, which is the basis of his service and hence the very foundation of his judgment, that she is an abandoned wife. From what has hereinbefore been said it will be observed that a wife, while cohabiting with her husband (and the same is true of course if her failure to so cohabit is due to her husband's desertion) has, from the date of her marriage, an inchoate interest, to the extent of her necessary support, in the property of her husband. If he deserts her under circumstances which entitle her to a divorce, that claim matures into a vested equitable, though unadjudicated, interest. Schouler on Marriage, Divorce, Separation and Domestic Relations, Vol. 1, p. 114, §93 and p. 124, §101. But it is further urged that one may neither, by intervention, inject new issues into the litigation nor delay its disposition. Assuming the rule, this intervention does not violate it. The only new issue injected is the right of Mrs. Stokes, and the right of an intervener, if denied, is

a necessary issue in every intervention. Neither is any unnecessary delay involved. This suit need not await the determination of the divorce action, or even service therein. Whatever interest, if any, Mrs. Stokes can show that her husband has in the partnership will be preserved to be subjected to her after-established lien, if any. In no event can Dollard be prejudiced, because whatever of the partnership property he is able to show belongs to him he will get, and with that portion, if any, which belongs to Stokes he has no concern.

Equity, justice, and the protection of the family, demands this interpretation and these conclusions. If a deserted wife, whose absconding husband has no property save what is tied up in a partnership, may not resort thereto for the support of herself and her minor children, but must abandon it, uncontested, to his partners, and face the world in poverty and destitution because she can not get personal service on the fugitive and beat those partners to a judgment, then the state's boasted guardianship of the family is a farce.

The judgment is reversed and the cause remanded with instructions to set aside the judgment in the main case, vacate the order sustaining the demurrer to the petition in intervention, and proceed in harmony herewith.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.