No. 22077.

RUTH R. MICHAELSON *v.* ERVIN L. MICHAELSON.
(445 P.2d 211)

Decided September 23, 1968.

C. J. BERARDINI, for plaintiff in error.

SOL COHEN, CHARLES J. SIMON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

ON January 24, 1964, defendant in error, hereinafter referred to as Ervin, filed an action for divorce on the ground of cruelty against plaintiff in error, who will be referred to as Ruth. She denied the commission of acts of cruelty and in her counterclaim accused Ervin of acts of cruelty and adultery. He denied these charges. The issues were tried to a jury and on October 19, 1965, verdicts were returned finding Ervin not guilty of the charges made by Ruth, and further finding that she had been guilty of cruelty as charged against her in the complaint.

A motion for new trial was filed alleging only three grounds, which we summarize as follows: (1) The court erred in refusing to give tendered instruction No. 2; (2) the attorney for Ervin was guilty of improper argument to the jury and the trial court should have granted a mistrial upon the motion of Ruth's attorney; and (3) the evidence was such as to require a verdict in favor of Ruth as a matter of law.

We have read three volumes of record totalling 1612 folios and have considered the briefs on file and the authorities cited therein. We find no merit to any of the points relied on in the motion for a new trial.

Two additional arguments are made in this court for the first time, namely, that the trial court did not instruct the jury on the subject of "condonation"; and that error was committed by the trial court in modifying orders for child support subsequent to entry of the divorce decree and after writ of error had issued from this court.

██ It is sufficient to say that there were no objections made to the instructions given by the court; and moreover, no request for an instruction on the subject of "condonation" was made. With reference to the modification in support orders, we note that the court conducted a hearing and made findings, supported by competent evidence, that there had been a change in circumstances before approving an application by Ervin

for a reduction. In matters of that kind the court had jurisdiction, notwithstanding the fact that prior to the modification order a writ of error had been issued by this court. *Hunter v. Hunter*, 155 Colo. 516, 395 P.2d 604.

It should be noted that subsequent to the date that briefs were filed in this case, Mr. Berardini asked, and was granted, leave to withdraw as counsel for Ruth. He did not represent Ruth upon the trial. She had knowledge of this withdrawal and in the absence of appearance of new counsel no oral argument was had in this case.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE not participating.