**Ruth MICHAELSON, Petitioner,**

v.

**Ervin MICHAELSON, Respondent.**

**No. 93SC438.**

Supreme Court of Colorado,
En Banc.

Nov. 7, 1994.

Rehearing Denied Dec. 5, 1994.

Mitchem and Mitchem, P.C., James E. Mitchem, Allen P. Mitchem, Denver, for respondent.

Timothy J. Lamb, P.C., Timothy J. Lamb, Katherine S. Lucht, Denver, for petitioner.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to review an unpublished opinion of the court of appeals, *Michaelson v. Michaelson*, No. 92CA0052 (Colo. App. April 22, 1993) (not selected for official publication). At issue is the preclusive effect of the property division in a 1965 divorce action on claims brought in the case now before us. The petitioner, Ruth Michaelson, brings this action against her former husband, Ervin Michaelson, seeking damages for his alleged mismanagement of a corporation in which the two were the sole stockholders.[1] We find that the present action is not barred by res judicata or collateral estoppel and, accordingly, we reverse the decision of the court of appeals.

I.

Ruth and Ervin Michaelson were married in 1946. In 1952, they formed a Colorado corporation known as Michaelson's Originals, Inc., in which each held fifty percent of the stock, or 2,500 shares each.

The couple was divorced in 1965 in a Denver District court action, but permanent orders dividing the marital property were not entered until 1989. The marital property was valued as of 1965 and divided under 1965 law.[2]

After the divorce decree was entered in 1965, Ervin Michaelson continued to conduct the business of Michaelson's Originals, Inc. Ruth Michaelson moved out of state and had no contact with her former husband or the enterprise. The corporation, whose business concerned mainly real estate investment and development, continued until Ervin Michaelson wrongfully dissolved the corporation in 1987. A meeting was called in December 1987, at which the shareholders and directors voted to dissolve the corporation. Ruth Michaelson, however, was not notified of this meeting and did not attend. Nor did she receive any distribution of the corporation's assets, which exceeded one million dollars. Following the meeting, Ervin Michaelson filed fraudulent statements concerning the dissolution with the Secretary of State, reporting that the assets of the corporation had been distributed among all the shareholders according to their rights and interests. In addition to his wrongful dissolution of the corporation in 1987, Ervin Michaelson intentionally failed to pay taxes on some of the

1. Both cases were filed in Denver District Court. The divorce action was B–68907 and the civil damage action was 90–CV–13033. Judge Sandra I. Rothenberg presided over the property division in B–68907, and Judge Connie L. Peterson presided over 90–CV–13033. For convenience, we will identify the two cases in the text of this opinion by reference to the presiding judge.

2. Because the Uniform Dissolution of Marriage Act was enacted in 1971, it did not apply to the parties' divorce. *See* § 14–10–101 *et seq.*, 6B C.R.S. (1987).

real property belonging to the corporation in order to buy it back and take Ruth Michaelson's name off the deeds.

In February 1988, Ruth Michaelson discovered that the corporation had been wrongfully dissolved. Later that year, she initiated proceedings for a permanent division of the marital property. Judge Rothenberg heard several days of testimony on the value of the property owned by the parties as of 1965, and on the relative fault of the two parties and, pursuant to 1965 law, issued the relevant orders.[3]

Judge Rothenberg valued each piece of property owned by the parties and by the corporation as of 1965 and divided the total of $517,917.00 equally between them. The court held: "All of this remaining property is awarded to Ervin Michaelson. Ruth Michaelson is awarded one-half the value or $258,959.00." The court also awarded interest to Ruth Michaelson for the entire marital estate and described the interest alternatively as statutory or moratory interest. In awarding interest, the court noted Ervin Michaelson's wrongful withholding of funds and the significant time delay between the divorce decree and the property division. The court's final lump sum award to Ruth Michaelson, including interest, totalled $800,000.00. The court did not address the disposition of the shares of corporate stock in Michaelson's Originals, Inc. held by the parties.

Pursuant to the court's order, Ervin Michaelson paid the sum awarded to Ruth Michaelson. Ruth Michaelson quitclaimed all of her interest in real property owned by the corporation to Ervin Michaelson but did not tender her shares of the corporation. Ervin Michaelson never made a demand for the tender of the shares. Judge Rothenberg's order dividing the property was not appealed.

On December 13, 1990, Ruth Michaelson filed the present action in Denver District Court against Ervin Michaelson requesting an accounting and seeking damages as a shareholder of the corporation, based on claims of breach of fiduciary duty, fraud, and theft. Judge Peterson heard the case and rejected Ervin Michaelson's res judicata and collateral estoppel claims, stating:

10. The gravamen of Defendant's motion is that Plaintiff's claims are barred though [sic] the application of the doctrines of collateral estoppel and res judicata.

11. With respect to these issues the Court is inclined to agree with Plaintiff [Ruth Michaelson]. What Judge Rothenberg did in civil action No. B–68907 was to consider the actions of the Defendant as to his treatment of marital property from or relating back in time to the 1965 divorce decree. The Court then attempted to make an equitable distribution of the marital property. The law in effect at the time of the parties' divorce required Judge Rothenberg to take into account the respective fault of Plaintiff and Defendant. The Court's attempt at equity related only to the division of marital property between the parties.

12. The elements of the claims in this case [90 CV 13033] concern different elements of proof, different remedies, and are based on Plaintiff's status as a principal in the corporation, rather than as a wife seeking distribution of marital assets. The Plaintiff hopes to punish the Defendant further.

She granted Ervin Michaelson's motion for summary judgment on the fraud claim and later granted his motion to dismiss the claims for theft and accounting. The only issue remaining at trial was the claim for breach of fiduciary duty. At the conclusion of the trial, the court awarded Ruth Michaelson $401,008.00, plus prejudgment interest from December 11, 1987, in the amount of $137,805.00, for a total judgment of $538,813.00.

3. In accordance with § 14–10–113(5), 6B C.R.S. (1987), the court valued and awarded the property as of the date of the divorce decree in 1965, using the applicable law of that time. See generally In re Questions Submitted by United States District Court, 184 Colo. 1, 517 P.2d 1331 (1974) ("at the time the divorce action was filed, there vested in the wife her interest in the property in the name of her husband"). As such, the court considered the parties' fault in awarding property. See, e.g., Schrader v. Schrader, 156 Colo. 521, 400 P.2d 675 (1965). The judge ruled that, because the parties were equally at fault, she would divide the property equally.

Costs of $4,136.00 were also awarded to her. Ervin Michaelson appealed.

The court of appeals vacated Judge Peterson's judgment and remanded the case with directions to dismiss the action with prejudice. The court of appeals reasoned that Ruth Michaelson's claims to corporate assets and proceeds were barred because the rights of each party had been determined by Judge Rothenberg in the 1989 property division. Further, the court found that her claim of breach of fiduciary duty was barred because Judge Rothenberg's award in the earlier property division proceeding, which was based on marital fault, considered Ervin Michaelson's improper disposal of some of the corporate assets and concluded that he had breached his fiduciary duty to the other stockholder, Ruth Michaelson. Finally, the court of appeals held that, because Ruth Michaelson had a full and fair opportunity to litigate her rights as a corporate shareholder during the property division proceeding, she was barred from relitigating those rights. According to the court of appeals, Judge Rothenberg's ruling in the property division effectively removed any ownership interest of Ruth Michaelson in the corporation.

## II.

The issue before us is the applicability of res judicata and collateral estoppel to the civil damage action heard by Judge Peterson.[4] We hold that res judicata is inapplicable because Ruth Michaelson could not raise the issue of corporate mismanagement in the divorce proceeding. Collateral estoppel is inapplicable because the issue was neither actually litigated nor necessarily adjudicated in the prior case.

### A.

The doctrine of res judicata holds that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. *State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo.1989); *Pomeroy v. Waitkus*, 183 Colo. 344, 350, 517 P.2d 396, 399 (1974). Res judicata constitutes an absolute bar to subsequent actions only when both the prior and subsequent suits have "identity of subject matter, identity of cause of action, and identity of capacity in the persons for which or against whom the claim is made." *Smith Cattle, Inc.*, 780 P.2d at 549; *City of Westminster v. Church*, 167 Colo. 1, 9, 445 P.2d 52, 55 (1968). The "same claim or cause of action" requirement is determined by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claims relies. 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice*, ¶ 0.410(1) (2d Ed.1988) ("Generally, it has been held that a 'cause of action' is defined by the injury for which the claimant seeks redress and not by the legal theory on which the claimant relies.").

Unlike the present Uniform Dissolution of Marriage Act, Colorado's 1965 divorce law was premised on a finding of fault and permitted divorce only in limited situations.[5]

4. We granted certiorari on the following questions:
 1. Whether the court of appeals erred by substituting itself as the trier of fact and disturbing the findings of the trial court even though the facts were supported in the record.
 2. Whether all interspousal claims, including tort and contractual claims, must be joined in a dissolution of marriage action or whether said claims involve different issues requiring separate trials.
 3. Whether the court of appeals erred by applying doctrines of collateral estoppel and res judicata to the civil suit brought by petitioner based upon the fact that the parties were involved in a prior dissolution of marriage action.
The first and third issues are closely related and will be considered together.

5. Section 46–1–1 of the 1965 law stated:

**Grounds for divorce.**—(1)(a) Any marriage may be dissolved and divorce granted for any one or more of the reasons set forth in this section and for no other cause:
 (b) That the spouse from whom the divorce is sought was impotent at the time of the marriage, or became impotent through immoral conduct committed after marriage;
 (c) That the spouse from whom the divorce is sought has committed adultery since the marriage;
 (d) That the spouse from whom a divorce is sought has wilfully deserted the other spouse, without reasonable cause, for a period of one year, or more, immediately preceding the beginning of the action for divorce;
 (e) That the spouse from whom a divorce is sought has been extremely and repeatedly cruel toward the other spouse; and such cruelty

*See, e.g., Schrader v. Schrader,* 156 Colo. 521, 400 P.2d 675 (1965). The "injury," under the 1965 law, was the fault providing grounds for the divorce. In her oral rulings, Judge Rothenberg addressed the question of fault at several different points, and each time she found that both parties had been at fault. The written order found that "each of the parties has wronged the other party egregiously" and that there was "considerable fault by both parties." Because both the divorce and the subsequent property division relate back to the 1965 divorce, only the adjudication of injuries arising before that date could properly be the basis for application of res judicata. Any injury which occurred subsequent to 1965 would be a new injury because the divorce decree already had been issued.

In his argument that res judicata does apply, Ervin Michaelson contends that because the property division occurred in 1989, the court had jurisdiction to consider the wrongful dissolution of the corporation. He further asserts that the same subject matter is involved, as both claims involve the interests in the corporation and the corporation's assets. Certainly, it is clear from the record that Judge Rothenberg did consider the interests in the assets of the corporation in the property division, and she did so because the corporation was the principal marital asset. However, Judge Rothenberg only considered the value of the assets *as of 1965*. Information regarding events that had occurred since 1965 such as sales or transfers of real property owned by the corporation was relevant to determine the value of the corporation in 1965. Expert testimony, for example, established the present value of the corporate assets and estimated the 1965 value of the assets by discounting the present value. Such testimony about corporate assets and other testimony of when and how Ervin Michaelson handled the corporate assets was relevant to valuation of the marital property.

■ Any claims arising after the 1965 divorce were separate. Such claims could not and did not arise out of the marriage but rather arose from the corporate relationship which continued for over twenty years after the marriage was dissolved. Thus, we conclude that Ruth Michaelson's claim for a breach of fiduciary duty arising from the post-divorce corporate relationship was not barred by res judicata.

### B.

■ Ervin Michaelson also argues that, even if the court could not have properly heard the breach of fiduciary duty claim, it was still actually litigated.[6] As such, he contends that Ruth Michaelson should be estopped from raising the breach of fiduciary duty claim in the case heard by Judge Peterson. Collateral estoppel precludes claims if:

(1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding;

may consist of the infliction of mental suffering and bodily violence;

(f) That the husband, being in good bodily health, has failed to make reasonable provisions for the support of his family for a period of one year or more, next prior to the beginning of the action for divorce;

(g) That the spouse from whom a divorce is sought has been an habitual drunkard or drug addict for a period of one year or more, next prior to the beginning of the action for divorce;

(h) That the spouse from whom a divorce is sought has been convicted of a felony in a court of record in any state, territory, federal district, or United States possession since marriage;

(i) That one spouse has been adjudicated an insane, mentally ill, or mentally deficient person, or a mental incompetent, not less than three years prior to the commencement of the action and has not, prior to the entry of decree of divorce, been adjudicated restored to reason or competency. No husband who secures a divorce on such ground, however, shall be relieved thereby from the duty of the support of the wife from whom he is thus divorced, unless she has sufficient property or means to support herself;

(j) That the parties have lived separate and apart for a period of three consecutive years, or more, next prior to the commencement of the action for divorce, by force of decree of a court of record in any state, territory, or United States possession or district.

(2) A divorce shall not in anywise affect the legitimacy of any child of a marriage, nor its right to inherit the property of its father or mother.

1963 C.R.S. § 46–1–1.

6. As noted earlier, *supra* p. 697, Ervin Michaelson did not appeal Judge Rothenberg's order.

(2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding;

(3) There was a final judgment on the merits in the prior proceeding;

(4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*City and County of Denver v. Consolidated Ditches Co.*, 807 P.2d 23, 32 (Colo.1991); *Pomeroy*, 183 Colo. at 350, 517 P.2d at 399. We hold that, because the breach of fiduciary duty claim based on mismanagement was neither actually litigated nor necessarily adjudicated in the divorce case, the requirements for collateral estoppel are not satisfied.

 The issue was not actually litigated. In order for an issue to be litigated, the issue must have been raised by the parties in the prior action. *Pomeroy*, 183 Colo. at 350, 517 P.2d at 399. No issue is legally raised between parties unless one of them, by appropriate pleading, asserts a claim or cause of action against the other. Moore et al., *supra*, ¶ 0.443[3]. *See also* Restatement (Second) of Judgments, § 27, comt. d (1982).[7] The pleadings in the property division case do not include any allegations concerning breaches of fiduciary duties. Nor were any amendments to the pleadings made to add a breach of fiduciary duty claim.

In his brief, Ervin Michaelson points to two motions filed by Ruth Michaelson as evidence that the breach of fiduciary duty claim was pled. The first was a motion for appointment of a receiver to manage the parties' properties and to collect rent and profits. This motion was denied by Judge Rothenberg as a drastic remedy which was not justified by any exigency. The motion itself did not allege a breach of fiduciary duty or assert that the corporation was wrongfully

dissolved. It simply alleged, on information and belief, that the corporation had been dissolved and its assets sold without Ruth Michaelson's knowledge and that she had received no money from the transactions.

Similarly, the second motion, Ruth Michaelson's motion for permanent orders, made no allegation of breach of fiduciary duty. Ruth Michaelson did demand one-half of all marital property. With respect to the corporation, the motion stated:

> Respondent is requesting past dividends and her dissolved percentage in the parties['] corporation, Michaelson's Originals, Inc., which was dissolved in violation of the Court's order and without knowledge and notice to the Respondent.

The reference to a prior court order is unclear, but it apparently refers to temporary orders entered about the time when the parties were divorced in 1965.

Neither motion can be read fairly as pleading a breach of fiduciary duty and they were not so construed by the parties at the time of trial. In fact, the attorney for Ervin Michaelson admitted in his rebuttal closing argument that wrongful dissolution of the corporation "doesn't make any difference. Other than to the extent that it may have displayed motivation, Mr. Michaelson had all the property that was in the corporation on the table for consideration by the court." The attorney continued, "So we have exactly the same amount of property here as if there had been no dissolution of the corporation." The statements of Ervin Michaelson's attorney demonstrate that even he thought the dissolution of the corporation was not relevant to the proceeding and, thus, was not actually litigated.

 Further, the issue was not necessarily adjudicated. An issue is necessarily adjudicated when the determination of an

---

**7.** Comment d to Section 27 of the Restatement of Judgments states:

When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this section [issue preclusion]. An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment

on the pleadings, a motion for summary judgment, ... a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict. *A determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof.*

Restatement (Second) of Judgments, § 27 cmt. d. (1982) (emphasis added).

issue was necessary to a judgment. Moore et al., *supra*, ¶ 0.443[4]. *See People ex rel. Gallagher v. District Court*, 666 P.2d 550 (Colo.1983). The issue must be identical to the issue that was actually and necessarily decided at a prior proceeding. *People ex rel. Gallagher*, 666 P.2d at 554.

Ruth Michaelson's claim to the corporate assets in the property division arose from the marriage, not from her status as a corporate shareholder. Although Judge Rothenberg described Ruth Michaelson as a "creditor" and referred to Ervin Michaelson's fiduciary responsibilities to her, those statements are probably better understood as imperfect analogies. In fact, Ruth Michaelson had a claim to the marital assets which was superior to that of a creditor. *Tinglof v. Askerlund*, 96 Colo. 27, 31, 39 P.2d 1039, 1040 (1934) (holding that a wife's interest in property has priority over a general creditor); *Stokes v. Dollard*, 94 Colo. 206, 209, 29 P.2d 706, 707 (1934). "[F]rom marriage a wife has an inchoate interest in her husband's property 'equitable, though unadjudicated.'" *Tinglof*, 96 Colo. at 31, 39 P.2d at 1040 (quoting *Stokes*, 94 Colo. at 209, 29 P.2d at 707).

In this case, Judge Rothenberg found the corporation's assets to be marital assets, and determined the value of those assets as of 1965. Any subsequent assets acquired by the corporation were not considered for the purposes of the property division. While it is true that Judge Rothenberg's decision discusses the mismanagement of the corporation after 1965, no evidence in the record demonstrates that the court factored the *mismanagement* into the property division or its award of interest. The claimed breach of fiduciary duty based on mismanagement of the company is a different issue from the issue of fault during the marriage, and marital fault is all that Judge Rothenberg considered in dividing the property.

■ Ervin Michaelson also argues that Judge Rothenberg's award of statutory interest pursuant to Section 5–12–102(1) [8] demonstrates that the breach of fiduciary duty claims had been adjudicated because the "wrongful withholding" found by the court was the breach of fiduciary duty.[9] Initially, we note that Judge Rothenberg found that Ervin Michaelson's wrongful withholding of *all* income from marital assets under his control was the basis for awarding statutory interest. The actual award of interest was

---

8. Section 5–12–102 states, in relevant part:

(1) Except as provided in section 13–21–101, C.R.S., when there is no agreement as to the rate thereof, creditors shall receive interest as follows:

(a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant,

(b) Interest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs....

§ 5–12–102, 2 C.R.S. (1992).

9. Judge Rothenberg's initial comments concerning interest were as follows:

33. The Court finds that the parties had several legal relationships other than as spouses. Not only was Mrs. Michaelson spouse to Mr. Michaelson, but she was also a creditor. The Court finds that the parties signed a partnership agreement about July 28, 1959, which made them equal partners. Thus, Mr. Michaelson owed a fiduciary duty to Mrs. Michaelson as a partner. Also, he owed her a fiduciary duty as he was president and director of Michaelson's Originals, Inc., the family corporation in which she was 50 percent shareholder.

34. The Court finds that Mrs. Michaelson is a creditor within the meaning of C.R.S. 5–12–102 and that she was damaged by Mr. Michaelson. He wrongfully withheld monies after they became due. He filed false and misleading documents with the Colorado Secretary of State which failed to identify Mrs. Michaelson as equal shareholder and partner.

35. Finally, Mr. Michaelson admitted that he allowed their joint property to go to tax sale in order to get Mrs. Michaelson's name removed from the deeds.

36. The court therefore finds that statutory interest is appropriate in this case.

37. Assuming, *arguendo*, that statutory interest is not appropriate, the Court finds that moratory interest is appropriate. *Davis Cattle, Inc. v. Great Western Sugar Company*, 393 F.Supp. 1165 (Colo.1975), because Mrs. Michaelson has suffered delays in payment and loss of the use of the property.

based on alternative grounds as either statutory or moratory interest.

■ The purpose of statutory interest is to discourage a person responsible for payment of a claim from delaying payment. *Mesa Sand & Gravel v. Landfill, Inc.*, 776 P.2d 362, 364 (Colo.1989). Statutory interest represents a legislative determination that persons suffer a loss when they are deprived of property to which they are legally entitled. *Id.* The statutory interest law should not be strictly construed. *Id.* at 365; *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117, 1121 (Colo.App.1983).

Judge Rothenberg's primary concern in awarding interest was the inequity of making a property division twenty-two years after the divorce without any adjustment to account for the time value of the money. As such, the court found it was compelled to make adjustments for the parties and awarded interest as a form of compensation. If the interest adjustment were intended as an award of damages for a breach of fiduciary duty claim, the court would have included only the properties which were part of the corporation as the basis for calculating interest. Instead, the award of interest extended beyond the 1965 valuation of corporate holdings to include the children's bank accounts, other marital property, and the various investments of the family. The court awarded interest because Ervin Michaelson had enjoyed the sole benefit of the bulk of the marital estate for twenty-two years and had not given any, much less one-half, of the income from the property to Ruth Michaelson. Such actions constituted wrongful withholding for purposes of the statutory interest award. All of the wrongful withholding of funds arose from unlawful retention of marital assets and income by Ervin Michaelson and not from mismanagement of the corporation.

We hold that the findings and conclusions of Judge Peterson are supported by the record and collateral estoppel does not preclude the breach of fiduciary duty claim because the issue was neither litigated nor necessarily adjudicated.

## III.

■ We also granted certiorari to determine whether all interspousal claims must be joined in a dissolution of marriage action or whether such claims involve different issues requiring different trials. Because the property division proceeding relates back to the 1965 divorce decree and the mismanagement of the corporation occurred after that time, we have held here that the claim for breach of fiduciary duty is a completely separate issue. Because of the timing, *i.e.*, the corporate mismanagement occurred after the dissolution of the marriage, it is not an interspousal claim. No interspousal claim existed at the time of the divorce which could have required joinder in the divorce action. Thus, under the facts of this case, the issue on which we granted certiorari is not properly presented. Accordingly, we dismiss certiorari as improvidently granted on this issue. *Mancuso v. United Bank of Pueblo*, 818 P.2d 732, 734 n. 1 (Colo.1991).

## IV.

For these reasons, we reverse the judgment of the court of appeals. We remand this case to that court for consideration of the other appellate issues raised by the parties but not reached by the court of appeals in its original decision.

ROVIRA, C.J., dissents, and ERICKSON and LOHR, JJ., join in the dissent.

Chief Justice ROVIRA, dissenting.

The majority opinion holds *res judicata* and collateral estoppel do not bar Mrs. Michaelson's claim of breach of fiduciary duty against her ex-husband. Because the record does not support such a conclusion, I dissent.

## I.

The majority finds *res judicata* inapplicable because Ruth Michaelson could not raise the issue of corporate mismanagement in the divorce proceeding. It also finds collateral estoppel inapplicable because the breach of fiduciary duty claim was neither actually litigated nor necessarily adjudicated in the prior case.

## A. *Res Judicata*

*Res judicata* ensures the finality of judgments by barring the same parties from retrying all claims decided or which could have been decided in a prior proceeding. *Winscom v. Garza*, 843 P.2d 126 (Colo.App.1992). *Res judicata* bars subsequent actions with "identity of subject matter, identity of cause of action, and identity of capacity in the persons for which or against whom the claim is made." *City of Westminster v. Church*, 167 Colo. 1, 9, 445 P.2d 52, 55 (1968).

The majority opinion defines the "same claim or cause of action" requirement as the injury for which the relief is demanded and not the legal theory asserted. Maj. op. at 699. It characterizes Ruth Michaelson's injury as the fault providing the grounds for the divorce. *Id.* at 699. Since the property division relates back to the 1965 divorce, the majority maintains only injuries arising before 1965 could be the basis for *res judicata*. *Id.* at 699.

Such analysis ignores the unique facts in this case. Although the trial court properly used the law of 1965 to divide the marital property, nothing precluded Mrs. Michaelson from raising more recent claims directly related to the property division. In fact, a review of the record fully supports the conclusion that she raised her claim of mismanagement of the corporate assets and the trial court recognized that claim in its judgment.

Mrs. Michaelson's injury in the property division proceeding was Mr. Michaelson's possession of her fifty-percent interest in the corporation.[1] In support of her claim for pre-judgment interest, she listed Mr. Michaelson's corporate misconduct.[2] The trial court limited her recovery to a 1965 valuation

and awarded her interest. Instead of appealing that decision, she attempted to relitigate the same claim in a breach of fiduciary duty action.[3] The 1989 property division proceeding conclusively determined the Michaelsons' rights to the corporate assets.[4]

"*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1978). Assuming *arguendo*, that Mrs. Michaelson asserted different claims in the two proceedings, *res judicata* required all available claims be brought before the court.

In *Miller v. Lunnon*, 703 P.2d 640 (Colo. App.1985), the court held the dissolution of a partnership barred a later claim for breach of fiduciary duty. *Res judicata* bars "plaintiffs even though they seek different relief." *Id.* at 643. *Res judicata* required Mrs. Michaelson to assert the stockholder claim at the property proceeding when the court divided the corporate assets.

In rejecting Mr. Michaelson's *res judicata* argument, the majority relies on the court's 1965 valuation of the property. The majority misapplies the principle. *Res judicata* focuses on the conduct of the party bringing an action rather than on the trial court's final determination. The trial court does not have to determine the issue in the favor of a plaintiff or defendant for the issue to be barred in future litigation. *Restatement (Second) of Judgments* §§ 18–19 (1980). Here, the court rejected Mrs. Michaelson's argument to value the property as of 1989 and instead awarded her interest after find-

---

1. The record indicates Mrs. Michaelson argued for a 1989 valuation of the property and her fifty-percent interest in the dissolved corporation in the property division proceeding.

2. The facts are undisputed as to Mr. Michaelson's misconduct. He filed false and misleading documents with the Colorado Secretary of State which did not identify Mrs. Michaelson as a shareholder, willfully failed to pay taxes to allow property to go to a tax sale in order to repurchase the property without Mrs. Michaelson's

name on the deed, and wrongfully dissolved the corporation.

3. In the breach of fiduciary duty trial the court awarded her one-half of the corporate assets between the years of 1965 and 1987. The court awarded no other damages.

4. The court of appeals indicates no property division proceeding took place concurrently with the divorce decree because the parties appealed the divorce decree. *Michaelson v. Michaelson*, 167 Colo. 58, 445 P.2d 211 (1968).

ing that Mr. Michaelson owed her a fiduciary duty as a partner and as president of the family corporation in which she was a fifty-percent shareholder. Mrs. Michaelson chose to receive the lump sum payment from Mr. Michaelson rather than appeal the trial court's determination.

Mrs. Michaelson's claims, both in the property division proceeding and her subsequent civil case, centered on her rights to the corporate assets. She requested her share of the dissolved corporation in her motion for permanent orders. She asserted that Mr. Michaelson breached his fiduciary duty. Both actions involve the same claim. *Res judicata* now bars her breach of fiduciary duty claim.

### B. Collateral Estoppel

Collateral estoppel precludes relitigation of issues which have been determined in a prior proceeding in the following circumstances:

(1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full fair opportunity to litigate the issue in the prior proceeding.

*City and County of Denver v. Consolidated Ditches Co.*, 807 P.2d 23, 32 (Colo.1991) (quoting *Industrial Comm'n v. Moffat County Sch. Dis.*, 732 P.2d 616, 619–20 (Colo. 1987)). The majority holds that the breach of fiduciary duty claim was neither actually litigated nor necessarily adjudicated in the property division trial. Maj. op. at 700.

"When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section." *Restatement (Second) of Judgments* § 27 cmt. d (1980). Although a party traditionally raises an issue through a pleading, it can arise from "an affirmation on one

side and the denial on the other of some material point of law or fact as developed by the evidence." 1B James Wm. Moore et al., *Moore's Federal Practice* ¶ 0.443[3] (2d ed. 1988). A court need not make an express finding addressing an issue to actually litigate that issue. *Schmidt v. Frankewich*, 819 P.2d 1074, 1077 (Colo.App.1991).

The motions and briefs filed by Mrs. Michaelson and the transcript of the property division proceeding establish she raised the issue of Mr. Michaelson's breach of fiduciary duty. In her Motion to Appoint Receiver and Motion for Permanent Orders, she alleges the same wrongful conduct which forms the core of her breach of fiduciary duty claim.

In those motions, Mrs. Michaelson alleged that Mr. Michaelson dissolved the corporation without her knowledge, failed to pay her what she was entitled to, and failed to fully disclose the assets of the corporation. Further, in her supplemental briefs to the trial court she specifically claims "[Mr. Michaelson] diminished the value of the corporation through numerous means, violating his fudiciary [sic] duty to the corporation" and "[Mr. Michaelson] has repeatedly attempted to prevent [Mrs. Michaelson] from receiving anything. This is in violation of [Mr. Michaelson] fiduciary duty to manage and protect the parties assets for their benefit."

In the breach of fiduciary duty claim, Mrs. Michaelson alleged that Mr. Michaelson failed to provide her with knowledge as to the corporate assets, failed to disclose his intention to dissolve the corporation, dissolved the corporation without notifying her, and failed to pay to Mrs. Michaelson her share of the value of the corporation. The claims are the same.

The majority quotes closing statements by Mr. Michaelson's attorney, regarding the dissolution of the corporation to establish that the issue was not litigated.[5] Maj. op. at 700. Those statements do not indicate the parties did not litigate the issue. Rather, they show the issue of the corporation's wrongful disso-

---

5. The majority quoted Mr. Michaelson's attorney that Ervin Michaelson had all the corporation

property on the table and so the dissolution of the corporation did not make a difference.

lution was raised and deserved comment from opposing counsel in closing argument.

The identity of an issue is not limited to the precise terms in which the party describes them. Rather, the identity refers to the substantive identity. *In re Tague*, 137 B.R. 495, 503 (Bankr.D.Colo.1991). The substance of Mrs. Michaelson's claims in the property proceeding and the stockholder action centered on her right to the corporate assets prior to its dissolution and Mr. Michaelson's related misconduct. In the property proceeding, Mrs. Michaelson consistently raised the issue, presented evidence and cross-examined Mr. Michaelson concerning his misconduct, the very basis of her stockholder's claim. She sought the same remedy in both cases, fifty-percent of the dissolved corporation. The trial court found Mr. Michaelson breached his fiduciary duty and awarded her interest. Maj. op at 703 n. 9. The breach of fiduciary duty claim was actually litigated.

The majority also maintains the issue was not necessarily adjudicated. Maj. op. at 701–703. A determination of the issue must be necessary to the judgment to fulfill the requirements of collateral estoppel. 1B James Wm. Moore et al., *Moore's Federal Practice* ¶ 0.443[4] (2d ed. 1988). The majority states no evidence in the record demonstrated that the trial court, in the property action, factored Mr. Michaelson's misconduct into the property division or the award of interest. Maj. op. at 701. The majority maintains the trial court only considered marital fault in dividing the property. I disagree with the majority's interpretations of the record and the trial court's order.

Prior to the award of interest, the trial court made several findings. First, the court found the Mr. Michaelson owed Mrs. Michaelson a fiduciary duty. Second, the trial court found that Mr. Michaelson wrongfully withheld monies after they became due. Third, the court found he "filed false and misleading documents with the Colorado Secretary of State which failed to identify Mrs. Michaelson as equal shareholder and partner." Finally, the court found Mr. Michaelson intentionally failed to pay property taxes in order to have Mrs. Michaelson's name removed from the deed. Due to deliberate failure to pay property taxes, the trial court specifically valued the property of Block 5, Norwood as of 1985. These findings clearly indicate the trial court considered factors other than marital fault and took them into consideration in awarding interest since these incidents occurred after the divorce in 1965.[6]

The majority disagrees with Mr. Michaelson's contention that the interest award compensated Mrs. Michaelson for her breach of fiduciary duty claim. Maj. op. at 700. The majority states the interest compensated Mrs. Michaelson for the unlawful retention of marital assets by Mr. Michaelson and not from mismanagement of the corporation. Maj. op. at 702. The majority assumes the interest must compensate Ruth Michaelson exclusively for the breach of fiduciary duty in order for that issue to be necessarily adjudicated.[7] *Id.* I disagree.

The interest award served more than one purpose. It compensated Mrs. Michaelson for her loss of use of the property. It also redressed the claims of misconduct. The majority cannot ignore that the trial court prefaced its award of statutory interest by listing several incidents of Mr. Michaelson's misconduct. Mr. Michaelson's wrongful withholding of monies was only one factor. Maj. op. at 703 n. 9. Contrary to the majority's position, this demonstrates these acts did provide some basis for the interest award. Further, in the property division and breach of fiduciary duty proceedings, Mrs. Michael-

---

6. The court did make findings of marital fault. However these findings focused on occurrences *during* the marriage such as harassment, alcoholism and abuse. The court listed the findings relating to Mr. Michaelson's mismanagement when it considered an award of interest.

7. The majority maintains "if the interest adjustment were intended as an award of damages for a breach of fiduciary duty claim, the court would have included only the properties which were a part of the corporation as the basis for calculating interest. Instead, the award of interest ... include[d] the children's bank accounts, other marital property and the various family investments." Maj. op. at 702.

son alleged Mr. Michaelson withheld her share of the corporation's value. The interest for the corporation assets compensated her for that claim.

The record clearly demonstrates that Ruth Michaelson raised and litigated the issue of Mr. Michaelson's misconduct. The issue affected the award of interest and, therefore, was necessary to the judgment. Mrs. Michaelson accepted the trial court's determination of these issues and did not appeal. She cannot relitigate the same issues decided in the property division by simply renaming the cause of action while asking the court for the same relief. I would affirm the court of appeals' decision that *res judicata* and collateral estoppel bar Mrs. Michaelson breach of fiduciary duty claim.

I respectfully dissent.

I am authorized to say that Justice ER-ICKSON and Justice LOHR join in this dissent.

