Ruth MICHAELSON, Plaintiff–Appellee
and Cross–Appellant,

v.

Ervin I. MICHAELSON, Defendant–
Appellant and Cross–Appellee.

No. 92CA0052.

Colorado Court of Appeals,
Div. IV.

Dec. 7, 1995.

As Modified on Denial of Petition for
Rehearing of Defendant–Appellant and
Cross–Appellee Feb. 8, 1996.

Petition for Rehearing of
Plaintiff–Appellee and Cross–Appellant
Denied Feb. 8, 1996.

Certiorari Granted Sept. 3, 1996.

Cross–Petition for Certiorari Denied
(Husband)
Sept. 3, 1996.

238

Timothy J. Lamb, P.C., Timothy J. Lamb, Denver, for Plaintiff–Appellee and Cross–Appellant.

Mitchem and Mitchem, P.C. Allen P. Mitchem, James E. Mitchem, Denver, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge JONES.

Defendant, Ervin Michaelson, appeals a judgment entered in favor of plaintiff, Ruth Michaelson, after a court trial, on plaintiff's claim of breach of fiduciary duty. Plaintiff cross-appeals the dismissal of her civil theft claim. We affirm in part, reverse in part, and remand with directions.

The parties were married in 1946 and formed a family corporation known as Michaelson's Originals, Inc., in 1952. Plaintiff and defendant were, respectively, 50 percent shareholders in the corporation, each owning 2500 shares of stock.

On November 10, 1965, the Michaelsons were divorced and the divorce decree was affirmed on appeal. *See Michaelson v. Michaelson,* 167 Colo. 58, 445 P.2d 211 (1968). However, permanent orders dividing marital property were not entered until 1989, at which time, the marital property was valued as of 1965 and divided under the law in effect in 1965 at the time of the divorce.

Prior to those orders, in December 1987, defendant dissolved the corporation without notifying or receiving consent from plaintiff. Upon dissolution of the corporation, defendant received distribution of all the corporate assets, which totalled in excess of one million dollars, without making any distribution to plaintiff.

In February 1988, plaintiff discovered that the corporation had been dissolved with no notice or distribution to her. She initiated a proceeding for division of the marital property. Properties owned by the parties and the corporation as of 1965 were valued as of that date and divided equally between them. Plaintiff received a lump sum of $800,000 which included $258,959 as one-half of the value of certain property, plus what was described as statutory or moratory interest for defendant's wrongful withholding and delay in distribution. The court did not address disposition of the shares of stock of the corporation. Upon payment of the sum awarded to plaintiff by defendant, plaintiff quitclaimed all of her interest in real property owned by the corporation to defendant, but did not tender her shares of stock in the corporation, nor did defendant demand such tender.

On December 13, 1990, plaintiff initiated the action at issue here alleging breach of fiduciary duty, fraud, theft, and requesting an accounting. Plaintiff filed this suit as a 50 percent shareholder in the corporation to recover money she alleged she was entitled to as a result of the 1987 corporate dissolution. The court dismissed plaintiff's theft, fraud, and accounting claims, but found in her favor on her breach of fiduciary duty claim. It awarded plaintiff $401,008 plus pre-judgment interest from December of 1987 in the amount of $137,805, for a total judgment of $538,813, plus costs of $4,136.

On defendant's appeal, the judgment was reversed by a division of this court on the bases of collateral estoppel and *res judicata. See Michaelson v. Michaelson,* (Colo.App. No. 92CA0052, April 22, 1993) (not selected for official publication).

The Colorado Supreme Court granted certiorari and, in *Michaelson v. Michaelson,* 884 P.2d 695 (Colo.1994), reversed the judgment of this court, finding that the trial court had correctly entered judgment in favor of plaintiff on her breach of fiduciary claim. The case was remanded to this court for consideration of issues remaining that had not been reviewed by this court.

### I.

■ Defendant first contends that plaintiff's claim of breach of fiduciary duty is time barred by the two-year statute of limitation contained in § 7–8–122(1), C.R.S. (1986 Repl. Vol. 3A) (repealed 1993). We disagree.

### A.

Defendant notes that, under § 7–8–122(1), any remedy available to a shareholder for a claim against a corporation, which claim was incurred prior to dissolution of such corporation, cannot be impaired if an action is commenced within two years of the date of dissolution. And, citing *Lucifer Coal Co. v. Buster,* 64 Colo. 179, 171 P. 61 (1918), he asserts that plaintiff's action, initiated nearly three years after the corporate dissolution, was barred.

Here, however, the district court found, from the evidence presented, that the plaintiff's claim arose after dissolution of the corporation. Such findings must be accepted on review, unless clearly erroneous and without support in the record. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). The record reveals that there was no such error here and that § 7–8–122(1) is inapplicable.

### B.

■ Defendant, alternatively, argues that, even if the claims arose after dissolution of the corporation, plaintiff's action for breach of fiduciary duty must, nevertheless, fail because the statute that authorizes the bringing of pre-dissolution claims must necessarily bar claims arising thereafter.

We conclude, contrary to this contention, that an action for breach of fiduciary duty between directors and stockholders falls within the three-year statute of limitations set forth at § 13–80–101(1)(f), C.R.S. (1986 Repl.Vol. 6A). *Hall v. Swan,* 117 Colo. 349, 188 P.2d 437 (1947).

Specific statutes control over general statutes. *Climax Molybdenum Co. v. Walter,* 812 P.2d 1168 (Colo.1991). And absent an expression to the contrary by the General Assembly, "a statute of limitations specifically addressing a particular class of cases controls over a more general or catch-all statute of limitations." *Cox v. Jones,* 802 P.2d 1125, 1126 (Colo.App.1990), *aff'd,* 828 P.2d 218 (Colo.1992).

Hence, § 13–80–101(1)(f), which specifically and explicitly addresses actions for breach of fiduciary duty, is the applicable statute of limitations, and not § 7–8–122(1), a broad limitation provision for *any* remedy sought against a corporation after dissolution.

Accordingly, a civil action for breach of fiduciary duty is valid if commenced within three years after the cause of action accrues. Plaintiff's action asserting breach of fiduciary duty, therefore, was timely filed.

### II.

Defendant next contends that the trial court erred in entering an award of damages that, he asserts, provides double recovery to the plaintiff. He further contends that the court erred in not giving proper effect to plaintiff's quitclaim deed given in resolution of the divorce action. We disagree with the former contention, agree with the latter contention, and remand with directions.

### A.

■ A party may not receive a double recovery for the same wrong. *Lexton–Ancira Real Estate Fund v. Heller,* 826 P.2d 819 (Colo.1992).

■ Here, defendant asserts that, by not reducing the damage award to plaintiff in this case by the amount of moratory or statutory interest plaintiff was paid on her share of the corporate assets in the property division proceeding of the divorce case, the trial court permitted plaintiff to obtain a double recovery. We disagree.

The supreme court implicitly found against defendant concerning this contention. It held that the divorce court awarded the value of assets plus a large sum representing moratory or statutory interest:

> because [defendant] had enjoyed the sole benefit of the bulk of the marital estate for twenty-two years and had not given any ... of the income from the property to [plaintiff]. Such actions constituted wrongful withholding for purposes of the statutory interest award. All of the wrongful withholding of funds arose from unlawful retention of marital assets and income by [defendant] and not from mismanagement of the corporation.

*Michaelson v. Michaelson, supra*, 884 P.2d at 703.

Thus, the supreme court found the damages awarded for breach of fiduciary duty were different from those sums earlier associated with property division and concluded that the damages are supported by the record.

### B.

We agree, however, with defendant's assertion that proper consideration was not given by the trial court to the effect of plaintiff's quitclaim deed in the assessment of damages against defendant.

In May and June 1989, the district court conducted proceedings which resulted in division of the marital estate, including property that had been in both parties' names and owned by the family corporation. Included in the property division were three parcels of real estate designated and valued, as of November 1965, as follows: Norwood Block 1, $112,901; Norwood Block 2, $68,660; and Sumners Block 6, $196,121, for a total of $377,682.

The court divided the value of these three properties, and others, equally, then awarded plaintiff money in the amount of that one-half value and awarded the real estate to defendant. Thus, as to the three enumerated parcels of real estate, plaintiff was awarded approximately $188,841. Additionally, the court awarded a large sum, constituting moratory or statutory interest, at a rate not clear in the record, to account for 23.58 years during which plaintiff had not had the benefit of sharing the returns or added values from the marital property.

Upon payment to plaintiff of all sums due to her after division of the marital property, up to and including November 17, 1989, plaintiff executed a quitclaim deed conveying all right, title, and interest in the three enumerated parcels to defendant, with acknowledgment of the receipt of consideration.

A quitclaim deed conveys a grantor's present interest in land when delivered to and accepted by the grantee. *Tuttle v. Burrows*, 852 P.2d 1314 (Colo.App.1992).

At the time she executed the deed, plaintiff was aware that the corporation had been wrongfully dissolved and that no distribution had been made to her of corporate assets. She, nevertheless, accepted the award given her, plus an additional amount, as consideration and, in exchange, conveyed to defendant "all the estate, right, title, interest and claim whatsoever, of the grantor, either in law or equity...." Thus, as of November 17, 1989, when plaintiff executed the quitclaim deed, as to which there is no dispute concerning delivery to and acceptance of by defendant, and based on the language of that conveyance, plaintiff had no further interest in the three parcels of real estate. She had been paid the value of her share of the real estate plus an appropriate amount for the increase of value of the real estate from 1965 to 1989.

Plaintiff asserts that, because defendant acquired title to the property through a tax sale of the corporate assets, and the corporation had subsequently been dissolved, she had no rights to convey and, thus, the quitclaim deed was without significance. We are not persuaded.

First, absent circumstances not present here, a director or shareholder cannot acquire title to property through a tax sale of corporate property. *Whatley v. Wood*, 148 Colo. 349, 366 P.2d 570 (1961).

Secondly, once a corporation has been dissolved by operation of law, equitable title to corporate property passes to all record shareholders or beneficial owners. *See Zim-*

*merman v. Kyte,* 53 Wash.App. 11, 765 P.2d 905 (1988).

Hence, the quitclaim deed divested plaintiff of interest in the three enumerated parcels of real estate that she had effectively retained through the tax sale. Having received value for that interest, including then present value up to November 1989, she is not entitled to further value from and after the date of her quitclaim deed.

Accordingly, the trial court here erred in awarding to plaintiff damages relating to the three enumerated parcels. On remand, the trial court is directed to amend the judgment so as to reimburse to defendant that part of the judgment amount and interest related to the three enumerated parcels, plus interest from the date of the judgment.

### III.

On cross-appeal, plaintiff contends that the trial court erred in dismissing her claim for theft. We do not agree.

Plaintiff argues that her claim for theft, brought under § 18–4–405, C.R.S. (1995 Cum.Supp.), was improperly dismissed by the trial court when it applied the 2–year statute of limitations found in § 13–80–102(1)(a), C.R.S. (1995 Cum.Supp.), and at § 13–80–108(4), C.R.S. (1987 Repl.Vol. 6A), to the claim. She asserts that, because the claim is grounded in the criminal code, the three-year statute of limitations found at § 16–5–401(1)(a), C.R.S. (1995 Cum. Supp.), which requires that certain felony proceedings must be initiated within three years, should apply. We disagree.

Section 18–4–405 is a part of the extensive criminal theft statute. Sections 18–4–401 to § 18–4–416, C.R.S. (1995 Cum.Supp.); *see In re Marriage of Allen,* 724 P.2d 651 (Colo. 1986). The General Assembly has therein established a remedy for the owners of stolen property.

Section 18–4–405 states:

All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; but monetary damages and attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property.

Our supreme court has determined that the statute should not be considered as having codified the remedy of replevin or as delineating the grounds for a constructive trust. *See In re Marriage of Allen, supra.* However, the appellate courts have not addressed whether a civil or the criminal statutes of limitation apply to the action accorded by the statute to owners of stolen property.

In *In re Marriage of Allen, supra,* 724 P.2d at 656, the supreme court noted that the statute is part of the criminal code and that "its allowance of treble damages strongly suggest[s] that section 18–4–405 was intended to serve primarily ... a punitive, rather than a remedial, purpose...." The *Allen* court then discussed numerous characteristics of the action provided by the statute that distinguish it from other actions for recovery of property wrongfully taken or detained, for damages for unlawful retention of such property, and for return of such property that has fallen into the hands of third parties, whether or not bona fide purchasers.

Finally, the *Allen* court stated that, rather than being seen as a codification of equitable or other remedies, the statute, instead, "provides independent remedies to the owner of stolen property in circumstances specifically described in the statute." *In re Marriage of Allen, supra,* 724 P.2d at 658. However, it did not indicate whether the criminal or any civil statute of limitations applies.

We conclude that, in promulgating § 18–4–405, the General Assembly established a special statutory proceeding. Governance of such proceedings must be in accordance with the rules of civil procedure, C.R.C.P. 1(a), unless, pursuant to C.R.C.P. 81(a), the Gen-

eral Assembly intended to include, and promulgated, a procedure and practice as to the special proceeding that is inconsistent with or in conflict with the rules of civil procedure. *See Moody v. Larsen*, 802 P.2d 1169 (Colo. App.1990).

The General Assembly did not provide adequate practices and procedures to govern the action set forth in § 18–4–405, and thus, it must necessarily be governed by the rules of civil procedure. Statutory procedures are less than adequate when they do not provide a unified, expedient, and economical means for resolving issues. *Moody v. Larsen, supra*, citing *Air Pollution Control Commission v. District Court*, 193 Colo. 146, 563 P.2d 351 (1977).

Accordingly, because the action here is governed by the rules of civil procedure, and the General Assembly otherwise failed to designate a specific limitation period for the action, the statute of limitations provided for torts generally, found at § 13–80–102(1)(a), applies to the action established in § 18–4–405. Had the General Assembly intended to apply a different statute of limitations, it would have set forth such a specific limitation period for the bringing of the action.

Hence, since the record supports the trial court's findings and conclusions that the plaintiff did not bring her § 18–4–405 action within 2 years of when she knew or reasonably ought to have known that the action accrued, it properly dismissed such claim.

The judgment is reversed to the extent that the damages awarded include values and interest as to parcels of real estate quitclaimed by plaintiff to defendant, and the cause is remanded for further proceedings to recalculate the damages awarded to plaintiff. In all other respects, the judgment is affirmed.

PLANK and MARQUEZ, JJ., concur.