**F I L E D**

PUBLISH

**MAY 4 1998**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GEORGE M. WILKINSON, also
known as George M. "Wilk"
Wilkinson; FIDELITY TRUST
BUILDING, INC., an Idaho
corporation authorized in Colorado,

          Plaintiffs-Appellants,

v.

PITKIN COUNTY BOARD OF
COUNTY COMMISSIONERS, and
members JIM TRUE, MICK
IRELAND, ROBERT CHILD, BILL
TUTE, and WAYNE ETHRIDGE
acting in their official capacities,

          Defendants-Appellees.

No. 96-1325

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 94-K-2244)**

---

Submitted on the briefs:

Donald M. Ostrander and Ronald E. vonLembke, Denver, Colorado, for Plaintiffs-Appellants.

John M. Ely, County Attorney, Pitkin County Attorney's Office, Aspen, Colorado, for Defendants-Appellees.

---

Before **PORFILIO**, **KELLY** and **HENRY**, Circuit Judges.

**PER CURIAM**.

Plaintiffs appeal from an order of the district court granting defendants' motion for summary judgment based on the doctrines of res judicata and collateral estoppel. We affirm.[1]

## I. Background

Plaintiffs own and seek to develop property, twenty-nine mining claims, in Pitkin County, Colorado, near the City of Aspen. They submitted three different land development applications to defendants, all of which were rejected. Plaintiffs filed two actions in state court, Nos. 89CV24 ("Wilkinson I") and 93CV11 ("Wilkinson II"), challenging denial of the applications for various reasons including inverse condemnation, regulatory taking, and denial of due process and equal protection rights. Plaintiff Fidelity Trust Building, Inc. also filed an action, No. 91-N-2099, in federal district court seeking declarations that its property was a platted subdivision under mining law and, therefore, exempt

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

from county subdivision regulations. The plaintiff also sought a declaration that various zoning regulations and Pitkin County Land Use Code provisions were invalid because they violated due process and equal protection guarantees under the Colorado and United States Constitutions and exceeded defendants' police powers.

In the first state court action, Wilkinson I, plaintiffs filed a seventy-three page amended complaint raising a multitude of federal and state claims against many defendants, including the defendants in this case. In challenging the alleged unlawful regulatory process of the Pitkin County Board of County Commissioners' denial of their rights to develop their property, plaintiffs argued inverse condemnation and the taking of all reasonable economic use of their properties, violation of procedural and substantive due process rights, violation of equal protection rights, arbitrary and capricious conduct by defendants, invalidity of the county's growth policy, public status of a road located on plaintiffs' property, and that the individual mining claims owned by plaintiffs were a platted subdivision. The claims were raised under state and federal constitutions and statutes.

In three separate orders, the state district court dismissed all of the claims. In the first order, as is relevant to the present action, the court noted that plaintiffs had "confessed dismissal" of various federal inverse condemnation,

substantive and procedural due process, and equal protection claims and all claims against the individual members of the Board. The state district court dismissed the remaining regulatory takings claims as not ripe for determination and decided that each mining claim is not a separate lot or subdivided plat. In a second order, the state district court dismissed a second state law claim. In its third order, the court concluded that the imposition of the Land Use Code regulations was a valid exercise of police power by the Board. Plaintiffs appealed, and the Colorado Court of Appeals affirmed. See Wilkinson v. Board of County Comm'rs, 872 P.2d 1269 (Colo. Ct. App. 1993). The Colorado Court of Appeals concluded that plaintiffs' patented mining claims were not exempt from county subdivision regulations, the application of the challenged provisions of the Land Use Code was not an unreasonable or excessive exercise of the Board's police power, and plaintiffs' inverse condemnation claims were not ripe for review because no final decision had been made on how the regulations would be applied to the property. See id. at 1273-75, 1275-77, 1278-79.

In the second state court action, Wilkinson II, plaintiffs, along with three others, alleged regulatory taking and inverse condemnation under state and federal constitutional law due to the denial of the three land development applications. Plaintiffs contended that defendants consistently denied their development applications and changed regulations during consideration of the

-4-

applications. They further maintained that defendants denied their ability to economically develop their property. The state district court considered the entire history of the development applications and dismissed all claims. It determined that the restrictions on development did not amount to a taking or inverse condemnation. The court found that the evidence did not show that: (1) defendants designed regulations or acted on the land use applications in order to deny reasonable economic development of the property; and (2) defendants misused their police power or exceeded the permissible bounds for protection of public health, safety or welfare. Plaintiffs did not appeal.

Plaintiff Fidelity Trust Building, Inc., brought suit in federal district court seeking declarations that its mining claims were platted lots and/or subdivisions and that two zoning regulations and certain sections of the Land Use Code were invalid and violated state and federal due process and equal protection guarantees. Taking notice of state court litigation (Wilkinson I and No. 90CV172),[2] the federal district court refused to exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, and dismissed the case on the grounds that the

---

[2]    The district court noted that plaintiffs had alleged takings and civil rights claims and abuse of discretion by the Board in denying approval of plaintiffs' land use applications in state district court case No. 90CV172. No documents from No. 90CV172 appear in the appendices before this court. In their brief on appeal, defendants state that no final orders have been entered in No. 90CV172. See Appellees' Response Br. at 15.

state courts should decide the issues. The district court further held that any decision on the inverse condemnation claims would be premature and that Fidelity Trust Building, Inc. should either appeal the lack of ripeness decision on those claims in Wilkinson I or wait for its claims to ripen. With regard to the claim that the properties were legally platted lots and subdivided properties, the district court declined to issue a declaratory judgment contrary to the state court's decision in Wilkinson I. The district court found that plaintiff's claims were adequately presented in state court. Therefore, in the interest of judicial economy, the district court dismissed the action. Fidelity Trust Building, Inc. did not appeal.

Plaintiffs then brought the present action in federal court, presenting five claims relating to the land development applications: (1) an "as applied" due process violation under 42 U.S.C. § 1983 alleging arbitrary and capricious conduct by defendants in denying plaintiffs their right to develop the property; (2) a regulatory taking of the property without just compensation under § 1983; (3) an "as applied" violation of equal protection rights under § 1983; (4) an entitlement to attorney's fees pursuant to 42 U.S.C. § 1988 based on the first three claims; and (5) a request for a declaration regarding the separate character of the individual mining claims for purposes of development and conveyance, a claim which plaintiffs state was "subsumed" by the due process and equal protection

-6-

claims. See Addendum to Appellants' Opening Br. at 11 & n.6. Defendants moved for summary judgment, asserting that these claims were barred by res judicata and collateral estoppel because they had been raised in the prior state and federal court cases. The magistrate judge compared the claims raised in this case with the prior litigation and concluded plaintiffs' first, second, third, and fifth claims were identical to claims made in the prior state court litigation and were barred by the doctrines of res judicata and collateral estoppel. Plaintiffs' fourth claim failed because it was based on the first three claims. Accordingly, the magistrate judge recommended defendants' summary judgment motion be granted. The district court fully adopted the magistrate judge's recommendation. Plaintiffs appealed.

On appeal, plaintiffs argue that the district court erred in granting summary judgment. Plaintiffs contend they challenged the facial constitutionality of the county's regulations in the state court proceedings, whereas they are challenging the unconstitutional application of the regulations in federal court. According to plaintiffs, because the "as applied" causes of action were not previously adjudicated, they are not barred by res judicata or collateral estoppel. Also, plaintiffs argue, citing Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172 (1985), that res judicata and collateral estoppel do not apply because they could not raise "as applied" due process, equal protection

or just compensation claims in federal court until they had brought an inverse condemnation claim in state court.[3] Finally, plaintiffs argue that equity precludes application of either res judicata or collateral estoppel.

## II. Analysis

"We review the grant . . . of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted). Summary judgment is appropriate if the pleadings and evidence in the record show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See id. We also review the district court's determinations of state preclusion law de novo. See Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

This court gives full faith and credit to state court judgments. See Strickland v. City of Albuquerque, 130 F.3d 1408, 1411 (10th Cir. 1997) (citing 28 U.S.C. § 1738); see also Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984). The preclusive effect of a state-court decision in a § 1983 action filed in federal court is a matter of state law. See Heck v.

---

[3]    Plaintiffs do not address the obvious problem that Williamson suggests that "as applied" claims against nonfederal actors must be ripened by litigating them in state court. See Williamson, 473 U.S. at 195. In any event, plaintiffs admit they, in fact, did raise "as applied" claims in state court. See Appellants' Reply Br. at 2.

Humphrey, 512 U.S. 477, 480 n.2 (1994); Migra, 465 U.S. at 81.  Thus, we apply Colorado law to determine if the district court properly granted summary judgment on the grounds of res judicata and collateral estoppel.

"Res judicata constitutes an absolute bar to subsequent actions only when both the prior and subsequent suits have identity of subject matter, identity of cause of action, and identity of capacity in the persons for which or against whom the claim is made."  Michaelson v. Michaelson, 884 P.2d 695, 699 (Colo. 1994) (quotation omitted).  "The 'same claim or cause of action' requirement is determined by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claims relies."  Id.  Where a judgment on the merits is rendered in favor of a defendant in an action in which the plaintiff may have two or more alternate remedies, res judicata bars maintenance of a subsequent action to enforce a remedy the plaintiff did not seek in the former action.  See Miller v. Lunnon, 703 P.2d 640, 643 (Colo. Ct. App. 1985).  Thus, res judicata bars litigation of all issues actually decided and all issues that might have been decided.  See Klein v. Zavaras, 80 F.3d 432, 434 (10th Cir. 1996) (applying Colorado law); Batterman v. Wells Fargo Ag Credit Corp., 802 P.2d 1112, 1118 (Colo. Ct. App. 1990).

The doctrine of collateral estoppel precludes a claim if the issue is identical to an issue actually litigated and necessarily decided in the prior action, the

plaintiff was a party or was in privity with a party in the prior action, there was a final merits judgment in the prior action, and the plaintiff had a full and fair opportunity to litigate the issue in the prior action. See Michaelson, 884 P.2d at 700-01.

At issue here is whether there is identity of claims and issues. Plaintiffs contend that because they voluntarily dismissed without prejudice the § 1983 due process, equal protection, and just compensation claims they raised in Wilkinson I, there was not an adjudication of the merits of the claims. Plaintiffs, however, could or did have these claims decided in the state court litigation in Wilkinson II. Therefore, res judicata bars this federal action. See Batterman, 802 P.2d at 1118.

Plaintiffs believe that the "as applied" causes of action are legally distinct from their previous facial challenges. Regardless of that somewhat tenuous distinction, plaintiffs admit that "as applied" claims were previously raised. See Appellants' Reply Br. at 2. Further, as is set forth in detail in the magistrate judge's report, all of the claims, causes of action and issues in the previous litigation and in this case relate to the actions of the defendants in denying plaintiffs' land use applications. See Appellants' App. at 41; see also id. at 42-44, 45-47. The district court further determined that the first three claims for relief in this action are identical to the claims made in Wilkinson I and Wilkinson

II. See id. at 44. We agree with the district court, for substantially the same reasons set forth in the magistrate judge's recommendation, that res judicata and collateral estoppel bar these claims. Thus, the state court decisions are preclusive as to the claims which were or could have been brought.

Plaintiffs further argue that because an inverse condemnation action in state court was a condition precedent to filing federal claims under § 1983, see Williamson, 473 U.S. at 194-95, res judicata and collateral estoppel principles do not apply. Plaintiffs correctly interpret Williamson as requiring state courts to adjudicate these kinds of takings claims before a case is ripe for federal adjudication; whether an unconstitutionally improper taking occurred cannot be determined until both the taking and the compensation have been legally evaluated. Williamson, however, does not discuss res judicata and collateral estoppel or whether federal claims must first be raised in state court. Although this court has not yet reached this question, other circuits have done so in various factual settings.

In Palomar Mobilehome Park Association v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993), the Ninth Circuit held that the Williamson requirement that a plaintiff litigate a takings claim in state court before a case is ripe for federal adjudication "does not prevent the doctrine of res judicata from barring subsequent federal action." In Palomar, where the plaintiff filed suit in federal

court on essentially the same facts as in the state court, the district court specifically found that the federal issues were fully adjudicated in the state court proceedings. See id. at 363, 365. The court rejected the plaintiff's argument that its claims cannot be barred because it did not explicitly raise federal claims in state court and determined that a plaintiff's failure specifically to plead federal constitutional violations in a state court complaint does not avoid the preclusive effect of res judicata. See id. at 364-65.

The Ninth Circuit reached a different result when confronted with a different set of facts in Dodd v. Hood River County, 59 F.3d 852 (9th Cir. 1995). In Dodd, the court declined to read Williamson as completely eliminating a federal forum for takings claims and therefore limiting federal court inquiry to actions based solely on inadequate state taking procedures. See id. at 860, 861. Citing Palomar, the court noted that requiring presentation of a federal claim in state court would do more than ripen the claim as is required by Williamson; it would extinguish the claim. See id. at 860. The plaintiffs in Dodd, however, had expressly reserved in state proceedings a right to proceed with their federal constitutional claims in other federal litigation. See id. at 862. The court concluded the federal claims were not precluded since the defendants implicitly consented to the claim splitting and the state courts reserved the federal issues for later determination. See id. Although the court concluded that res judicata did

-12-

not apply, it determined that a question of collateral estoppel still remained. See id. at 863. The court, therefore, stated that whether the state court decision on the state takings questions was "an equivalent determination under the federal taking clause so as to invoke the doctrine of issue preclusion" was an undecided question. Id. Thus, the court remanded to the district court for it to address issue preclusion first. See id. at 863-64

In a subsequent case, Macri v. King County, 126 F.3d 1125 (9th Cir. 1997), cert. denied, 118 S. Ct. 1178 (1998), the Ninth Circuit stated Dodd held "that the failure of a plaintiff to raise a federal takings claim in state court does not preclude that plaintiff from bringing a subsequent federal takings claim in federal court." Id. at 1130. Macri further noted that "Dodd also clearly holds that a court can reserve a federal issue so that the issue will not be precluded from further litigation, despite [an] assertion that [a] federal claim will necessarily be precluded by res judicata." Id. at 1130 n.7.

In Peduto v. City of North Wildwood, 878 F.2d 725, 726-27, 728 (3d Cir. 1989), the plaintiffs pursued their federal claims in a state inverse condemnation action. The Third Circuit held that the plaintiffs were denied a federal forum for their federal claims, but such denial did not violate due process rights, even if the decision were erroneous, because the plaintiffs were accorded a full and fair hearing in state court. See id. at 728-29 ("Where a party has been afforded a full

and fair hearing in state court, section 1983 does not allow relitigation of the same issues in federal court simply because the state court's decision may have been erroneous.") (quotation omitted); accord Rainey Bros. Constr. Co. v. Memphis & Shelby County Bd. of Adjustment, 967 F. Supp. 998, 1004 (W.D. Tenn. 1997) (agreeing with reasoning of Peduto and Palomar). Also, the court held that compliance with Williamson afforded the plaintiffs a full and fair adjudication of their federal claims in state court. See Peduto, 878 F.2d at 729. The court declined to reach the issue of whether the plaintiffs could have reserved consideration of their federal claims where they invoked state, not federal, jurisdiction in the first instance. See id. at 729 n.5.

Plaintiffs cite Fields v. Sarasota Manatee Airport Authority, 953 F.2d 1299, 1306 (11th Cir. 1992), as authority that res judicata cannot bar their § 1983 claims. However, Fields does not hold that res judicata and collateral estoppel are inapplicable; rather, it holds that these doctrines may be avoided if the plaintiffs avail themselves of certain procedures set forth in Jennings v. Caddo Parish School Board, 531 F.2d 1331 (5th Cir. 1976). See Fields, 953 F.2d at 1302, 1306. The plaintiffs in Fields did not raise federal constitutional claims in state court, nor did they indicate that they intended to pursue federal claims in federal court if they did not obtain satisfactory redress in their state inverse condemnation proceeding. See id. at 1302. Because the plaintiffs in Fields failed

-14-

to reserve their federal claims in state court, and because the facts and legal theories in the state and federal court actions were nearly identical, the court concluded res judicata barred the action.  See id. at 1307-09; accord Treister v. City of Miami, 893 F. Supp. 1057, 1064 (S.D. Fla. 1992) (holding "Florida preclusion principles . . . bar the instant just compensation claim, and that Plaintiffs did not and could not effectively reserve their right to litigate in a federal forum").  Thus, the court stated the litigants must either raise both their state and federal claims in the state court or reserve their federal constitutional claims on the state record.  See Fields, 953 F.2d at 1309 n.10.

We conclude the Williamson ripeness requirement is insufficient to preclude application of res judicata and collateral estoppel principles in this case. See Santa Fe Village Venture v. City of Albuquerque, 914 F. Supp. 478, 482 (D.N.M. 1995).  As in Palomar, the facts set forth in the state court actions are the same facts necessary for a determination of the federal claims.  Also, as in Palomar and Peduto, plaintiffs asserted federal claims in the state court proceedings, which were fully adjudicated, (or they could have done so), and the Colorado rules against claim splitting required them to do so.  See Hernandez v. Woodard, 873 P.2d 20, 21 (Colo. Ct. App. 1993) (generally res judicata precludes splitting causes of action).  We need not decide whether it is possible to reserve a federal claim, or, if so, what must be done to reserve such a claim, because at no

time did plaintiffs attempt to do so.[4]  See generally Migra, 465 U.S. at 85 n.7 (recognizing that where federal and state claims are intertwined such that federal court abstains from considering federal claims until state court addresses state claims, plaintiff, who is voluntarily in state court, can preserve right to federal forum for federal claims by informing state court of intent to return to federal court following litigation of state claims); England v. Louisiana State Bd. of Med. Exam'rs, 375 U.S. 411, 419 (1964) (where party freely and without reservation submits federal claims to state courts for litigation and claims are decided, party's right to return to federal court is forgone).  "Section 1983 . . . does not . . . guarantee [plaintiffs] a right to proceed to judgment in state court on . . . state claims and then turn to federal court for adjudication of . . . federal claims." Migra, 465 U.S. at 85.  We conclude plaintiffs' claims are precluded and, therefore, the district court correctly granted summary judgment in defendants' favor.

Plaintiffs argue that they have subsequently discovered collusive actions by defendants which bar application of res judicata or collateral estoppel principles.

---

[4]  We do note our concern that Williamson's ripeness requirement may, in actuality, almost always result in preclusion of federal claims, regardless of whether reservation is permitted.  It is difficult to reconcile the ripeness requirement of Williamson with the laws of res judicata and collateral estoppel. See Dodd, 59 F.3d at 865-69 (Tang, J., dissenting).

We agree with the district court's determination that this alleged newly discovered evidence should be considered by the Colorado courts.[5]

Plaintiffs also argue that their possessory interests in each of their separate mining claims have been extinguished by defendants' Land Use Code. Although plaintiffs recognize that states have the authority to regulate patented mining claims, they believe the regulations at issue are so excessive that they are entitled to compensation for a taking. In the district court, plaintiffs sought, among other things, a declaratory judgment either overturning or clarifying the Colorado Court of Appeals decision, see Wilkinson, 872 P.2d at 1273-75 (appeal of Wilkinson I), regarding "whether the mining claim is a legal, pre-existing subdivision of land." See Plaintiffs' App. at tab 14. Federal courts have no authority to review state court judgments. See District of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 484-85 (1983). Thus, we agree with the district court that collateral estoppel bars this claim.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Defendants' motions to dismiss this appeal for

---

[5]     "Plaintiffs concede that they have asked the State District Court for a new trial based on this newly found evidence." Addendum to Plaintiffs' Opening Br. at 14; see also Appellees' Response Br. at 27 (indicating plaintiffs are attempting to reopen Wilkinson II with motion for new trial based upon same arguments raised in this appeal).

plaintiffs' failure to file an opening brief and for failure to prosecute are

DENIED.