Randy **BENSON, Glenda Benson, Robert Grigsby, Renee Grigsby, Ike King, Loretta King, Tom Rotromel, Each Plaintiff Individually and on Behalf of all others Similarly Situated, Plaintiffs,**

v.

**TOWN OF NUNN, COLORADO, Charles Unfug, Shirley Hinshaw, Duane Bayne, Robert Urban, Kenneth Page, Rebecca Barnes, Robin Ramsey, Jack Davis, Both Individually and in Their Official Capacity, Defendants.**

No. CIV. 96–B–647.

United States District Court,
D. Colorado.

June 15, 1999.

Daniel J. Post, Greeley, CO.

Douglas C. Thorburn, Thorburn Sakol & Throne, Boulder, CO.

## ORDER

BABCOCK, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the special order of reference, Magistrate Judge Donald E. Abram has entered recommendations upon pending dispositive motions and upon cross motions for sanctions. Specifically, on May 12, 1999 Magistrate Judge Abram recommended that defendants motion to dismiss on the basis of *res judicata* and collateral estoppel, filed February 6, 1997, be granted. By separate recommendation entered on the same date, he recommended that defendants' motion to dismiss claims and parties filed April 30, 1996, be granted. In his third recommendation, entered May 12, 1999, the magistrate judge recommended that defendants' motions for sanctions, filed August 4, 1997, be denied, and plaintiffs' motion for sanctions against Mr. Thorburn, be denied. Finally, on May 24, 1999, the magistrate judge recommended that this case be dismissed as to Shirley Hinshaw and Tom Rotromel who are reported as being deceased, there being no response to his May 12, 1999, order to show cause otherwise. On May 27, 1999, counsel for plaintiffs filed "Reply To Order To Show Cause" indicating that settlement documents were being circulated and re-

quested that the "Order To Show Cause" be dismissed. Because the recommendations were pending, but no responses or objections filed to them, it was unclear what the response to the order to show cause addressed. Accordingly, on May 27, 1999, I entered my order that on or before June 10, 1999, plaintiffs' counsel clarify what he was responding to in his "Reply To Order To Show Cause." No response to that May 27, 1999, order has been received. Because there have been filed no timely objections to the above referenced magistrate judge's recommendations, the parties are barred from *de novo* review of the recommendations. Accordingly, being sufficiently advised,

IT IS ORDERED that the motion to dismiss on the basis of *res judicata* and collateral estoppel filed on February 6, 1997, is GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss claims and parties filed April 30, 1996, is GRANTED.

IT IS FURTHER ORDERED that defendants' motion for sanctions is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion for sanction is DENIED.

IT IS FURTHER ORDERED that this case is DISMISSED as to Shirley Hinshaw and Tom Rotromel.

IT IS FURTHER ORDERED that any pending motion outstanding in the above captioned case is deemed DENIED.

IT IS FURTHER ORDERED that the above action is DISMISSED.

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ABRAM, United States Magistrate Judge.

This matter comes before the Court regarding the Motion to Dismiss on Basis of Res Judicata, and Collateral Estoppel, filed February 6, 1997. Plaintiffs filed a response on February 27, 1997, and Defendants replied on March 6, 1997. On July 7, 1997. Defendants filed a supplemental Motion to Dismiss on the same issue. United States Magistrate Judge Donald E. Abram held a hearing on this matter on April 1, 1999. Magistrate Judge Abram hereby makes the following recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the Special Order of Reference to Magistrate Judge dated March 3, 1999.

### I. BACKGROUND

The complaint in this matter states that the Town of Nunn adopted Ordinance 120 in 1972. The ordinance provided for the establishment of land-use zoning districts and purported to adopt a zoning map describing the boundaries of the zoning districts. Plaintiffs allege that the ordinance failed to specifically identify a zoning map, leaving blank any identifying characteristics of the map. Plaintiffs assert that the maps available to the public fail to contain a statement that such maps are the ones to which the ordinance refers or that they were ever adopted by the Town Council as the official designation of boundaries for the zoning districts. Thus, Plaintiffs allege that the Town of Nunn has not established boundaries for zoning districts so as to provide notice to landowners and to be enforceable in a court of law. Plaintiffs also contend the subject ordinance is void for vagueness and null and void. Plaintiffs brought their complaint pursuant to 42 U.S.C. § 1983.

### II. STANDARD OF REVIEW

Because the parties have presented and the Court has considered matters outside the pleadings, the motion to dismiss must be considered as a motion for summary judgment. "A motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings. Fed.R.Civ.P. 12(b)(6)." *Lowe v. Town of Fairland*, 143 F.3d 1378, 1380 (10th Cir.1998). All parties had the opportunity to present evidence at the hearing on April 1, 1999:

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 55(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of proof of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 742 (10th Cir.1991). The movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548; *Universal Money Ctrs., Inc. v. AT & T*, 22 F.3d 1527, 1529 (10th Cir.1994). If the moving party meets this burden, the non-moving party may not rest upon its pleadings, but must come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991).

In applying the summary judgment standard, the court construes the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Blue Circle Cement, Inc. v. Board of County Comm'rs*, 27 F.3d 1499, 1503 (10th Cir. 1994); *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). However, the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *FDIC v. Hulsey*, 22 F.3d 1472, 1481 (10th Cir.1994) (emphasis in original). A "material" fact is one that might affect the outcome of the suit under the governing law. An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

## III. DISCUSSION

Defendants have moved to dismiss this action because the same issue raised in this case has been decided in Defendants' favor in a state court case, *Town of Nunn v. King*, Case No. 96 CV 437, District Court, Weld County, Colorado. In that case, the court entered an order on November 27, 1996 in which it declared Ordinance 120 to be valid.

■■■■ Federal courts are required to give full faith and credit to state court judgments. 28 U.S.C. § 1738 (1994); *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir.1997). "The preclusive effect of a state-court decision in a § 1983 action filed in federal court is a matter of state law." *Wilkinson v. Pitkin County Bd. of County Comm'rs*, 142 F.3d 1319, 1322 (10th Cir.1998). Thus, Colorado law applies here. The doctrine of res judicata, or claim preclusion, bars subsequent actions when both the prior and subsequent suits have identity of subject matter, identity of cause of action, and identity of capacity in the persons for which or against whom the claim is made. *Id.* (quoting *Michaelson v. Michaelson*, 884 P.2d 695, 699 (Colo.1994)). The issue of whether a claim or cause of action is the same as one previously decided "is determined by the injury for which relief is demanded, and not the legal theory on which the person asserting the claims relies." *Id.* Further, res judicata bars claims to enforce remedies which the plaintiff could have, but did not, seek in the former action. *Id.* Thus, inasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its obligation by simply alleging new legal the ones. *Clark v. Haas Group, Inc.*, 953 F.2d 1235,

1237–38 (10th Cir.1992). In order for the doctrine to apply, (1) the first suit must have proceeded to a final judgment on the merits; (2) the parties must be identical or in privity; and (3) the suits must be based on the same cause of action. *Id.* at 1236.

■ Similarly, the doctrine of collateral estoppel, or issue preclusion, bars a claim if the issue is identical to an issue actually litigated and necessarily decided in the prior action, the plaintiff was a party or in privity with a party in the prior action, there was a final judgment on the merits in the prior action, and the plaintiff had a full and fair opportunity to litigate the issue in the prior action. *Id.*

Here, in a prior state court matter, apparently the Town of Nunn brought an action seeking to enjoin Ike L. King and Lurena Ann King, defendants in that action and Plaintiffs in the present matter, from violating the zoning ordinance or building code of the Town of Nunn. In its ruling, the court held the ordinance valid and entered an order enjoining the Kings from violating the zoning ordinance and building code. The appeal in that case was dismissed as untimely. In another state court matter in November 1997, the court entered a permanent injunction against Plaintiffs Randy and Glenda Benson from violating Ordinance 120. No appeal was filed in that case. Defendants presented testimony at the hearing on this matter that although Robert and Renee Grigsby were not parties in either of these state court actions, both were present at the hearing in the King case, and Renee Grigsby testified.

■ Plaintiffs argue that they are presenting a different issue in the present matter which could not have been presented in the earlier matters. Specifically, they argue that here they are challenging the constitutionality of the ordinance as applied to each Plaintiff, where in the state court matter, they challenged the ordinance on its face. Plaintiffs' argument lacks merit, however, because the state court matters did concern the ordinance as it was applied to them. The state court

actions were commenced to prosecute alleged violations of the ordinance. At any rate, Plaintiffs have failed to establish that they could not have raised the issues pursued here in the state court cases. Thus, the claims are barred.

■ Defendants contend that although Robert and Renee Grigsby were not parties in the earlier proceedings, they had privity with the other Plaintiffs because they were present at the hearing in the King case, and Renee Grigsby testified. Parties are in privity when the party in the litigation has adequately represented the interests of the non-party, or when there is a substantial identity of interests between a party and a non-party such that the non-party is "virtually represented" in the litigation. *Public Service Co. v. Osmose Wood Preserving, Inc.*, 813 P.2d 785, 787 (Colo.Ct.App.1991) (quoting *Aerojet-General Corp. v. Askew*, 511 F.2d 710 (5th Cir.1975)). In this matter, although the Robert and Renee Grigsby were not parties to the prior litigation, their interests in the validity of the zoning ordinance would have been identical to the other Plaintiffs herein. As such, Robert and Renee Grigsby were in privity in the prior litigation with the other Plaintiffs herein. Accordingly, all claims in the present matter are barred.

THEREFORE, IT IS RECOMMENDED that the Motion to Dismiss on Basis of Res Judicata, and Collateral Estoppel, filed February 6, 1997 be GRANTED.

FURTHER, IT IS ORDERED that pursuant to Fed.R.Civ.P. 72(b), the parties have ten (10) days after service hereof to serve and file written, specific objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file such written specific objections to the findings of fact, conclusions of law and recommendations of the Magistrate Judge as set forth in this

document will bar the party from a *de novo* determination by the District Judge. *United States v. Raddatz,* 447 U.S. 667, 676–83, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Additionally, the failure to file written specific objections to the findings of fact, conclusions of law or recommendations of the United States Magistrate Judge in this document within ten (10) days after being served with a copy will bar appellate review of the findings of fact, conclusions of law or recommendations of the Magistrate Judge. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Talley v. Hesse,* 91 F.3d 1411 (10th Cir.1996).