**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STANLEY L. DREXLER; DREXLER,
WALD & ABRAMOVITZ, P.C.;
JOSEPH MARGARITE, also known as
Ray Poli,

      Plaintiffs-Appellees,

v.

BURT KOZLOFF,

      Defendant-Appellant.

No. 99-1230
(D.C. No. 81-N-1917)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Burt Kozloff appeals from the district court's denial of his Fed. R. Civ. P. 60(b) motion to vacate a default judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand with directions.

## I. Background

The relevant facts in this case are undisputed. At the time of the actions giving rise to the underlying lawsuit, Kozloff was a resident of New York, Joseph Margarite was a resident of Pennsylvania, and Stanley Drexler was a resident of Colorado. On March 8, 1982, appellees (Stanley Drexler; Drexler, Wald & Abramovitz, P.C.; and Joseph Margarite) obtained a default judgment against Kozloff in Colorado federal district court in the amount of 1.4 million dollars. The judgment arose out of a loan received by Kozloff and a promissory note he gave in return to Margarite in New York. Margarite assigned the note to Drexler one day before Drexler filed suit. After obtaining the default judgment, Drexler reassigned the note to Margarite, and the judgment was registered in the United States District Court for the Southern District of New York in March 1982. *See* 28 U.S.C. § 1963 (providing for registration of federal judgments in other districts for enforcement). In 1993, appellees registered their judgment in the New York Supreme Court and filed a notice of intent to garnish Kozloff's assets that were in his wife's possession. Soon thereafter, Kozloff petitioned the New

York Supreme Court to vacate the Colorado judgment on grounds that it was void for lack of personal jurisdiction over Kozloff.

After a hearing at which all parties presented evidence on the issue of whether Colorado had personal jurisdiction under the long arm statute, the New York Supreme Court concluded that "the record provides no evidentiary basis to sustain a finding of *in personam* jurisdiction under the Colorado Long Arm Statute over . . . Kozloff" under the test enunciated in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *See* Appellant's App. at 102. The court found Kozloff's visits to Aspen, Colorado in 1980 and 1981 were vacation sojourns and no business transactions were conducted that would bring him under the jurisdiction of the Colorado courts. *See id.* at 97-98, 101. The court also found the fact that the promissory note was payable at Drexler's Denver law office, standing alone, was not sufficient to sustain long-arm jurisdiction over Kozloff. *See id.* at 98-99. Significantly, the court found the assignment of the note from Margarite to Drexler was gratuitous and Drexler could not "bootstrap" jurisdiction over Kozloff based on Drexler's residency. *See id.* at 101-02. On October 17, 1995, the court vacated "the registration in the Supreme Court of the State of New York . . . of the judgment obtained in Colorado." *Id.* at 81. Appellees did not appeal from that final order.

-3-

In 1998 Kozloff filed a motion requesting the Colorado district court to vacate the default judgment, citing the New York judgment. *See id.* at 77. Kozloff based his request on the principles of res judicata and full faith and credit. *See id.* at 83-87, 130-33. The district court denied the motion, stating that "no New York state judge is going to tell this court what judgment it ought to be vacating." *Id.* at 5 (Tr. of April 9, 1999 hearing). The court conducted an independent jurisdictional inquiry and concluded that Colorado had long-arm jurisdiction over Kozloff, noting the New York court had made a contrary determination on the issue of personal jurisdiction. *See id.* at 17. The court denied Kozloff's motion to vacate the judgment, and this appeal followed.

## II. Discussion

The denial of a Rule 60(b) motion generally will be set aside only upon a showing of abuse of discretion. *See V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 223 n.7 (10th Cir. 1979). Where, however, Rule 60(b)(4) is properly invoked on the basis that the underlying judgment is void, "relief is not a discretionary matter; it is mandatory." *Id.* at 224 n.8. Accordingly, our review is de novo. *See, e.g., Wilmer v. Board of County Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995).

-4-

**Full faith and credit**

Kozloff argues that the Colorado district court failed to give full faith and credit to the New York judgment under *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-81 (1984). The *Migra* court concluded that a federal court must give the same preclusive effect to a state court judgment as would be given that judgment under the law of the state in which the judgment was rendered. Although Kozloff had requested that the New York court vacate the Colorado judgment, the New York judgment simply vacated the *registration* of the Colorado judgment in New York, making it unenforceable in New York. If the Colorado court were to give preclusive effect to the New York judgment, the Colorado court would likewise be required to acknowledge vacation of the New York registration. We conclude that the Colorado district court properly refused to grant Kozloff's motion to vacate its default judgment based solely on the existence of the New York order vacating that judgment's registration in New York. However, that does not end our inquiry.

**Estoppel**

On appeal, Kozloff argues that the doctrine of collateral estoppel barred relitigation of the jurisdiction issue. We first address appellees' argument that Kozloff did not preserve this issue because he did not use the term "collateral

estoppel" in his briefs or arguments to the district court. While it is true that Kozloff only used the term "res judicata," it is clear that he specifically referred to issue preclusion on the question of personal jurisdiction. The district court clearly understood that Kozloff was attempting to preclude further inquiry into the jurisdiction issue. In fact, appellees admit that the "main thrust" of Kozloff's argument before the district court was the "issue of personal jurisdiction." Appellees' Br. at 23.

Issue preclusion bars the relitigation of specific issues decided in a prior proceeding between the same parties. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit *on a different cause of action* involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 95 (1980) (emphasis added). "Direct estoppel" applies the same principle, but governs the preclusive effect of a litigated issue *in a separate proceeding within a single suit*. *See* 18 CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4418 (1981); *cf. United States v. Shenberg*, 89 F.3d 1461, 1478-79 (11th Cir. 1996) (discussing the difference between "direct" and "collateral" estoppel, noting that issue preclusion principles are the same under both, and using the term "collateral estoppel" in a case involving direct estoppel to avoid confusion). Thus, in this case we are concerned with application of

direct estoppel. Although it would have been preferable for Kozloff to have used the correct term, his failure to do so under these circumstances did not constitute failure to raise and preserve the issue on appeal. *See Allen*, 449 U.S. 90, 94 n.5 (1980) (noting that "[s]ome courts and commentators use 'res judicata' as generally meaning both [issue and claim] preclusion"). We reject appellees' assertion that, because only one cause of action between the parties actually existed, collateral estoppel does not apply. As noted, the doctrine of direct estoppel requires applying preclusive effect to issues decided in different proceedings in the same cause of action.

The statute that requires a federal court to give the same full faith and credit to a state court judgment as it would have in the courts of the state from which it came, *see* 28 U.S.C. § 1738, in conjunction with the common law principle of estoppel, also requires the federal court to accord preclusive effect to issues that were actually litigated and necessarily decided in the earlier proceeding. *See Allen*, 449 U.S. at 99 (holding that, under the principle of collateral estoppel and application of § 1783, plaintiff could not relitigate in a federal § 1983 action the issue of unconstitutional search and seizure because that issue had been litigated and decided in favor of the state in the state-court criminal proceeding).

The doctrine of issue preclusion applies "if the issue is identical to an issue actually litigated and necessarily decided in the prior action, the plaintiff was a party or was in privity with a party in the prior action, there was a final merits judgment in the prior action, and the plaintiff had a full and fair opportunity to litigate the issue in the prior action." *Wilkinson v. Pitkin County Bd. of County Comm'rs*, 142 F.3d 1319, 1322 (10th Cir. 1998) (applying Colorado law); *accord Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 349 (1999) (applying New York law).

The original complaint contained no allegations regarding personal jurisdiction over Kozloff. The allegation in the complaint that "[v]enue of this action lies in this court because . . . a significant portion of the business activity, out of which the indebtedness underlying the note arose, took place in the State of Colorado," Appellant's Supp. App. at 21, was a venue allegation, not one asserting personal jurisdiction. It is uncontroverted that Drexler was not present in Aspen and thus had no personal knowledge of Kozloff having conducted any business transactions there underlying the note. Only Drexler testified at the default hearing. Under these facts, contrary to appellees' assertion, it is not implicit in the court's statement that the court had heard testimony on "each of the allegations of the complaint," Appellant's App. at 42, that it had also heard any testimony on the issue of personal jurisdiction. It certainly cannot be said on

-8-

the record before us that the court "specifically inquired into the issue of long-arm jurisdiction," Appellees' Br. at 1, before entering the default judgment. The court made no finding on personal jurisdiction.

Since the Colorado court did not resolve the issue of personal jurisdiction, the New York court had no duty to give full faith and credit to enforce the Colorado default judgment after it determined that the Colorado court did not have personal jurisdiction over Kozloff. Once the issue of personal jurisdiction had been fully and fairly litigated between the parties, and appellees did not appeal from the New York court's ruling, its ruling on that issue became binding upon the parties. *See Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 525 (1986) (holding that "[c]hallenges to the correctness of a state court's determination as to the conclusive effect of a federal judgment must be pursued by way of appeal through the state-court system and certiorari from this Court"). Consequently, the Colorado federal district court had a duty to give preclusive effect to the New York state court's personal jurisdiction ruling under the doctrine of direct estoppel in the subsequent proceeding and to vacate the default judgment upon Kozloff's request. *Cf. Cotton v. Heyman*, 63 F.3d 1115, 1118 (D.C. Cir. 1995) (holding that under the doctrine of direct estoppel the defendant could not relitigate in a separate proceeding an unappealed ultimate factual finding in favor of the plaintiff in a prior proceeding); *Deckert v. Wachovia*

-9-

*Student Fin. Servs., Inc.*, 963 F.2d 816, 818-19 (5th Cir. 1992) (holding that a federal court must give preclusive effect to a personal jurisdiction issue decided in a prior proceeding in state court between the same parties under the doctrine of collateral estoppel).

"[I]ssue preclusion may be applied against a party only if the issue was litigated in the previous action under the same or a less rigorous standard of proof in the present action." 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 132.02(4)(b) (3d ed. 1999). Appellees argue that because they "faced a more rigorous standard of proof in the New York enforcement process than they did on [Kozloff's] motion to vacate judgment" in Colorado, Appellees' Br. at 12, the doctrine of collateral estoppel does not apply. Appellees have confused "burden of persuasion" with "standard of proof." The rule prohibiting application of the doctrine applies absolutely only when the party bearing the burden of persuasion was under a different standard of proof in the earlier proceeding, such as occurs when the same issue is raised in civil and criminal trials. *See, e.g., Helvering v. Mitchell*, 303 U.S. 391, 397-98 (1938). The standard of proof in both the New York and Colorado proceedings was preponderance of the evidence. Thus, the language quoted by appellees does not apply to bar application of issue preclusion in this case. Additionally, although the New York court placed the initial burden of producing evidence of personal jurisdiction on appellees,

-10-

Kozloff bore the ultimate burden of proof that he was entitled to vacation of the registration of the judgment. Kozloff bore the same burden in his motion to vacate the default judgment in Colorado [1]. Thus, there was no shift in the burden of persuasion to warrant not applying direct estoppel.

The Colorado federal district court had before it conclusive evidence that the parties had fully and fairly litigated the issue of personal jurisdiction and proof that a state court with authority to decide the issue had finally ruled in favor of Kozloff. Kozloff thus satisfied his burden under Rule 60(b)(4) to show entitlement to mandatory relief from the default judgment. The judgment of the court is REVERSED and REMANDED with directions to vacate its March 1982 default judgment.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Kozloff did not appeal from the district court's ruling that he also bore the burden of establishing lack of jurisdiction. Thus, we do not here decide the question of who bears the burden of establishing whether *in personam* jurisdiction existed over a defendant in a proceeding brought pursuant to Rule 60(b)(4) to set aside a default judgment on the ground that it is void for lack of such jurisdiction. *See* Theresa L. Kruk, Annotation, *Who Has Burden of Proof in Proceeding Under Rule 60(b)(4) of Federal Rules of Civil Procedure to Have Default Judgment Set Aside on Ground That It Is Void for Lack of Jurisdiction*, 102 A.L.R. Fed. 811 (1991 & Supp. 1999) (noting split in circuits).