**ENVISION REALTY, LLC,
et al., Plaintiffs**

v.

**James S. HENDERSON,
et al., Defendants**

**No. CIV. 01–179–P–H.**

United States District Court,
D. Maine.

Feb. 4, 2002.

Stephen B. Wade, Esq., Skelton, Taintor & Abbott, Auburn, Peter S. Brooks, Esq., Schnader, Harrison, Goldstein and Manello, Boston, MA, for Plaintiffs.

Michael E. Saucier, Esq., Lisa Fitzgibbon Bendetson, Esq., Thompson & Bowie, Portland, ME, for Defendants.

## ORDER ON MOTION TO FILE A SECOND AMENDED COMPLAINT

HORNBY, Chief Judge.

The motion to file a Second Amended Complaint is DENIED.

■ I do not rest my decision on the lateness of the motion, although I am disturbed by the fact that the plaintiffs moved to amend only after receiving the Magistrate Judge's recommended decision, and in an obvious attempt to overcome it. The plaintiffs could have and should have moved to amend as soon as they saw the defendants' arguments in the motion to dismiss, not waited to see whether the court would adopt those arguments. On the other hand, the case is still at the early pleading stage (an Answer has not yet been filed), a Scheduling Order has only recently (January 9, 2002) issued, Rule 15 directs that amendments be allowed liberally, *see* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1488, at 652 (2d ed.1990), and there is a preference for resolving cases on their merits. If the amended pleading had merit, the solution would be to permit the amendment only upon the condition that the plaintiffs pay the defendants' reasonable attorney fees in the preceding motion practice. That would not totally satisfy the court's interest in using judicial officers efficiently, but would avoid much of the prejudice to the other side and might create a sufficient economic incentive to minimize such practices in future cases.

■ Instead, I deny the motion because the amendments would be futile.

There are two categories of amendment.

First, the plaintiffs want to assert that certain things still pending when they filed their First Amended Complaint on August

20, 2001, have now occurred (a threatened lawsuit against them by the Town; enactment of a moratorium on campgrounds; denial of a third individual building permit). Pls.' Mot. for Leave to Supplement and Amend at 1–3. None of these changes, however, would alter the Magistrate Judge's Recommended Decision and my acceptance of it. Although the Magistrate Judge referred to the absence of the lawsuit and the moratorium these were ultimately only alternative arguments.[1]

■ The second part of the amendment seeks to plead an inverse condemnation claim under state law. This amendment responds to the Magistrate Judge's recommended decision (which I have now adopted) that the individual plaintiffs (although equally applicable to Envision) must exhaust their state remedies before asserting a federal takings claim. *See Envision Realty v. Henderson*, 2001 WL 1505491, at *6, 2001 U.S. Dist. Lexis 19651, at *17–18 (D.Me. Nov. 28, 2001). The plaintiffs point to a Maine Law Court decision, *MC Assocs. v. Town of Cape Elizabeth*, 773 A.2d 439 (Me.2001), that both state and federal claims can be asserted in the same lawsuit. The problem with this precedent for the plaintiffs is that it comes from a state, not a federal, court. It is one

thing for a state court—the proper forum for the prerequisite state claim—to say that as a court of general jurisdiction it will also permit the simultaneous filing of the federal claim (of which it also has jurisdiction). *MC Assocs.*, 773 A.2d at 443. It is quite another thing for a federal court of limited jurisdiction—instructed by the Supreme Court to require that plaintiffs afford the State a prior opportunity to rule on the inverse condemnation claim, *see Williamson Co. Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)—to rule that in a federal court case the plaintiffs can satisfy this requirement merely by pleading the state claim as a pendent claim. That maneuver does not afford the state institutions an opportunity to rule upon the state law claim.[2] *See, e.g., Wilkinson v. Pitkin Co. Bd. of Comm'rs*, 142 F.3d 1319, 1323 (10th Cir.1998); *Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 100 (2d Cir.1992). I conclude that the amendment seeking to assert the state inverse condemnation claim in this federally filed lawsuit does not save the federal complaint from dismissal.[3]

Finally, I have previously affirmed Magistrate Judge Cohen's recommendation

1. Despite my ruling about delay above, these circumstances are particularly egregious. The First Amended Complaint was filed August 20, 2001; the Town's lawsuit was filed August 25 and the moratorium was enacted in August. Pls.' Mot. for Leave to Supplement and Amend at 2–3. Yet the plaintiffs did not bother to bring these matters to the court's attention by pleading or otherwise until December 17, 2001, after the Magistrate Judge's adverse recommended decision. *See id.*

2. The plaintiffs also cite *Currier Builders, Inc. v. Town of York*, 2001 WL 823645, 2001 U.S. Dist. Lexis 10268 (D.Me. July 20, 2001), a *removed* case in which Magistrate Judge Cohen permitted simultaneous filing. There, the plaintiffs *had* attempted to give the state forum an opportunity to resolve the inverse

condemnation claim and were thwarted by the defendants' removal. *Id.* 2001 WL 823645, at *5–6, 2001 U.S. Dist. Lexis, at *16–18. Here, however, the plaintiffs have never given a state forum the opportunity.

3. This is not a case like *Dodd v. Hood River Co.*, 59 F.3d 852, 858–60 (9th Cir.1995). There the plaintiffs had asserted their state takings claims in state court and lost all the way up to the state supreme court. In *Dodd*, the Ninth Circuit rejected only the argument that the plaintiffs also had to assert their *federal* takings claims in state court before they could bring the federal action. *Id.* In this case, we are talking about *state* substantive law on just compensation. *See MC Associates*, 773 A.2d at 441–43 (discussing the state remedy).

that the plaintiffs' equal protection count be allowed to proceed, and that ruling stands. *Envision Realty v. Henderson*, No. 01–179–P–H, at 1 (D.Me. Jan. 9, 2002). I point out to the plaintiffs, however, that recently the First Circuit has reiterated how difficult it is to make such a case:

> [W]e note our extreme reluctance to entertain equal protection challenges to local planning decisions: "Every appeal by a disappointed developer from an adverse ruling by a local ... planning board necessarily involves some claim that the board exceeded, abused, or 'distorted' its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason. It is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under section 1983."

*Macone v. Town of Wakefield*, 2002 WL 15793, at *8, 277 F.3d 1, 10 (1st Cir.2002) (quoting *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir.1982)). The First Circuit stated: "[I]f disgruntled permit applicants could create constitutional claims merely by alleging that they were treated differently from a similarly situated applicant, the correctness of virtually any state permit denial would become subject to litigation in federal court. Limiting such claims is essential to prevent federal courts from turning into 'zoning board[s] of appeals.'" *Macone*, 2002 WL 15793, at *8, 277 F.3d 1, 10 (quoting *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 44–45 (1st Cir. 1992)).[4] This is strict language. The plaintiffs should take careful note of *Macone* and assess their case carefully before unnecessarily wasting the courts and the parties' resources if it is unlikely that they can meet *Macone*'s stringent standards.

The plaintiffs' motion for leave to file a second amended complaint is **DENIED**.

**So ORDERED.**

---

**4.** *Macone* was a summary judgment ruling, and thus not authority for dismissing this case